IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAMILLE D. JONES, *
*
Plaintiff, *
*
vs. * Civil Action No. ADC-21-2606
*
BLAIR WELLNESS CENTER, LLC et al., *
*
Defendants. *
*

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OPINION**

Defendants Blair Wellness Center, LLC ("Blair Wellness") and Matthew Edward Blair (collectively, "Defendants") move this Court to dismiss Plaintiff Kamille D. Jones' ("Plaintiff") Complaint (ECF No. 1), or in the alternative, for a grant of summary judgment. ECF No. 24. Plaintiff filed the Complaint in this Court alleging race discrimination (Count I) and retaliation (Count II) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as state law claims of malicious prosecution (Count III) and defamation (Count IV).[1] ECF No. 1. After considering Defendants' Motion and the responses thereto (ECF Nos. 26, 28),[2] the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, the Defendant's Motion, construed as a motion to dismiss, is DENIED.

[1] On October 12, 2021, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07. ECF No. 2. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 21.

[2] Plaintiff titled her response as both an opposition to Defendants' Motion and a "Cross-Motion to Deny or Continue Defendants' Motion for Summary Judgment." ECF No. 26 at 1. Plaintiff seeks the denial of Defendants' Motion, and only in the alternative, to stay "any summary judgment proceedings" pending completion of discovery. *Id.* Because the Court construes Defendants' Motion as a motion to dismiss, Plaintiff's request is properly treated as a response in opposition.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a Black woman who was employed by Blair Wellness and Mr. Blair in the cannabis retail business.[3] ECF No. 1 ¶¶ 7–9. Plaintiff was hired in October 2019 as a "Patient Advisor," also known as a "budtender," and was then promoted to Assistant Inventory Manager. *Id.* ¶¶ 10–11. The position of Assistant Inventory Manager designed and implemented procedures to ensure the dispensary's compliance with the Marijuana Enforcement Tracking Regulation and Compliance system. *Id.* ¶¶ 11–12. A white man was Assistant Inventory Manager before Plaintiff, and during his tenure, there were "substantial discrepancies regarding dispensary inventory and [the Marijuana Enforcement Tracking Regulation and Compliance system]." *Id.* ¶¶ 14–15. Despite these discrepancies, the previous Assistant Inventory Manager received no disciplinary or adverse action. *Id.* Plaintiff then entered the new role and "inherited an inventory in complete disarray." *Id.* ¶ 16. She received no additional training or instruction for the new position. *Id.* ¶ 17.

While working as Assistant Inventory Manager, Plaintiff discovered that she earned less in wages than her white male predecessor, as well as other white colleagues, and complained to human resources on October 29, 2020. *Id.* ¶ 18. In response, Defendants failed to address her complaint and instead lowered the white coworker's wages. *Id.* ¶ 19. Mr. Blair later informed Plaintiff that her position was being eliminated, and she was offered a lateral position with a pay decrease. *Id.* ¶ 26. After she accepted the offer for the lateral position, Mr. Blair sent Plaintiff an email and told her that the employment offer was rescinded "because of her unacceptable attitude," and offered her a severance package in exchange for signing a release of Defendants' liability. *Id.* ¶ 27. Hours later, human resources informed Plaintiff she was being discharged for "violations of overtime policy." *Id.* ¶ 28. On November 18, 2020, Defendants sent Plaintiff another email that

[3] Plaintiff's Complaint asserts that "at least half of Defendants' staff of roughly twenty-five (25) employees contracted COVID-19." ECF No. 1 ¶ 25.

her severance package was revoked due to "misconduct found in the course of a routine audit." *Id.* ¶ 29. Mr. Blair called Baltimore Police Department the following day and reported that thousands of dollars in products had been stolen between July 9, 2020 and November 8, 2020. *Id.* ¶ 30. Plaintiff and the only other two Black managers on staff were criminally charged with theft and theft scheme as a result. *Id.* The Complaint states: "Every single employee of [Blair Wellness] has received discounted and/or free promotional products, which is typical and expected in the cannabis industry." *Id.* ¶ 32. The practice required Plaintiff be assisted by another employee when purchasing dispensary items, and all of the alleged theft transactions by Plaintiff were witnessed by other employees, including some upper management. *Id.* ¶ 33. After Plaintiff was charged, Defendants posted on social media (with a post designed by a third-party public relations agent), sent a mass message to Blair Wellness's full clientele email list, and sent a staff-wide email message that three former employees "had undertaken a major theft scheme." *Id.* ¶ 34. The State commenced a trial against Plaintiff on January 14, 2021, and Mr. Blair did not appear to testify. *Id.* ¶ 54. The charges were then dismissed *nolle prosequi*. *Id.*

On October 12, 2021, Plaintiff filed suit in this Court. On March 7, 2022, Defendants filed the present Motion. ECF No. 24. Plaintiff responded in opposition on March 21, 2022, and Defendants replied on April 4, 2022. ECF Nos. 26, 28.

## DISCUSSION

### A. Standard of Review

#### 1. Motion to Dismiss for Failure to State a Claim

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the Complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178

F.3d 231, 243 (4th Cir. 1999)). The Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, but not legal conclusions couched as factual allegations.[4] *Id.* (citations omitted).

2. Motion for Summary Judgment

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See Dulaney v. Packaging*

[4] Plaintiff contends that Defendants' Motion is more aptly a "'Motion for a More Definite Statement,' brought under Rule 12(e)." ECF No. 26 at 3 n.1. However, Defendants properly bring their Motion pursuant to Rule 12(b)(6) as they challenge the sufficiency of the pleadings underlying Plaintiff's claims. *See King*, 825 F.3d at 214 (quoting *Edwards*, 178 F.3d at 243).

*Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

Defendants have styled their motion as a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. ECF No. 24. However, Defendants' brief instead seeks summary judgment on Plaintiff's Count I and II with respect to Blair Wellness and to dismiss Counts I and II against Mr. Blair, as well as Counts III and IV. ECF No. 24-1 at 8 n.4. A motion posed in the alternative implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County,* 788 F.Supp.2d 431, 436–37 (D.Md. 2011), *aff'd* 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that if the Court considers matters outside the pleadings, the Rule 12(b)(6) motion "must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). "A district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion,

or to reject it or simply not consider it.'" *Whitaker v. Md. Transit Admin.*, No. ELH-17-00584, 2018 WL 902169, at *7 (D.Md. Feb. 14, 2018) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.)). "In general, courts are guided by whether consideration of extraneous material is likely to facilitate the disposition of the action, and whether discovery prior to the utilization of the summary judgment procedure is necessary." *Id.* (citation omitted).

Here, Defendants contend there is no genuine dispute of material fact that Blair Wellness is not an employer within the meaning of Title VII, and that the remaining counts should be dismissed for failure to state a claim. ECF No. 24-1 at 8 n.4. Defendants explain that it is not disputed that Plaintiff signed a written offer of employment from Blair Management and was supervised, trained, disciplined, and terminated by Blair Management. *Id.* at 10. However, Defendants do not direct the Court to any supplemental material to support their claims, except Mr. Blair's affidavit (ECF No. 24-2). Mr. Blair's affidavit conflicts with the allegations of the Complaint. *See* ECF No. 1 ¶¶ 8–9, 26–29. There are thus still material facts in dispute that would not be resolved by a motion for summary judgment. Moreover, discovery will permit the parties to gain more information to rely upon in developing their respective arguments. Accordingly, the Court construes Defendants' Motion as a motion to dismiss for failure to state a claim brought under Rule 12(b)(6).

**B. Defendants' Motion**

Defendants argue that (1) Blair Wellness was not Plaintiff's employer within the meaning of Title VII; (2) Mr. Blair was not Plaintiff's employer within the meaning of Title VII; (3) Plaintiff relied on only "conclusory allegations regarding 'similarly situated employees'" to support her claim for discrimination in violation of Title VII; (4) Plaintiff failed to state a claim for malicious

prosecution because she did not allege that Mr. Blair instituted or continued criminal proceedings nor that he acted with malice or without probable cause; and (5) Plaintiff failed to state a claim for defamation because she did not allege that the statements were false, that anyone connected the statements to Plaintiff, or that Defendants acted negligently in making the statements.[5] ECF No. 21-1 at 8–20. The Court addresses Defendants' arguments below.

1. Counts I and II: Discrimination and Retaliation in Violation of Title VII

With respect to Counts I and II, Defendants argue that the Complaint fails to allege that either Blair Wellness or Mr. Blair were employers under Title VII and to state a plausible claim for racial discrimination. ECF No. 24-1 at 8–14. In response, Plaintiff argues that "the precise contours of an employment relationship can only be established by careful factual inquiry" and that discovery is therefore necessary. ECF No. 26 at 7. She argues that the term "employer" should be liberally construed to include "all who significantly control access to employment, whether technically employers or not." *Id.* And finally, she contends that the Complaint satisfied the "liberal 'plausibility' standard" of Rule 12(b)(6) and that she did not need to establish a prima facie case of discrimination, citing to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.* at 3–4.[6]

[5] Defendants' brief includes what appear to be typographical errors. For instance, they state that "the Complaint *does* allege facts from which the Court could infer satisfaction of the first and third elements of Plaintiff's claim—*that Defendants were at least negligent* in publishing a false or defamatory statement concerning Plaintiff" and "[t]he Complaint *does* allege facts inferring that anyone connected the alleged defamatory statements to Plaintiff." ECF No. 24-1 at 18 (emphasis added). However, Defendant later assert the contrary. *Id.* at 18–20. Given the context of the motion to dismiss, their overarching argument that "Plaintiff has [f]ailed to [s]tate a [c]laim for [d]efamation," as well as their later statements, the Court construes Defendants' argument to be that Plaintiff failed to plead facts to support the elements of defamation. *See id.* at 14.

[6] Because the Court construes Defendants' Motion as a motion to dismiss, it need not consider Plaintiff's additional arguments with respect to summary judgment. *See* ECF No. 26 at 4–6.

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment," because of, *inter alia*, her race. 42 U.S.C. § 2000e-2(a). An "employer" under Title VII is one "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." *Id.* § 2000e(b). "[T]he term 'employer' is intended to have its common dictionary meaning." *Bonomo v. Nat'l Duckpin Bowling Cong., Inc.*, 469 F.Supp. 467, 472 (D.Md. 1979) (quoting *Burke v. Friedman*, 556 F.2d 867, 870 (7th Cir. 1977)). Defendants must be Plaintiff's employer to be liable in a Title VII action. *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015). However, "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). *See Woodbury v. Victory Van Lines*, 286 F.Supp.3d 685, 694 (D.Md. 2017) (concluding that the plaintiff's immediate supervisor was not liable and noting that the plaintiff had not alleged that the entity and individual defendant were in a sole proprietorship such that they would be legally treated as "one and the same").

"[M]ultiple entities may simultaneously be considered employers for the purposes of Title VII." *Butler*, 793 F.3d at 410. The United States Court of Appeals for the Fourth Circuit has adopted a hybrid test to determine when joint employment exists. *Id.* at 413–14. Relevant here, the three "most important" factors are the "authority to hire and fire the individual," the "day-to-day supervision of the individual, including employee discipline," and "where and how the work takes place." *Id.* at 414–15. "[C]ontrol remains the principal guidepost for determining whether multiple entities can be a plaintiff's joint employers." *Id.* at 415.

A prima facie case for discrimination in violation of Title VII, in the absence of direct evidence, further requires Plaintiff allege: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom.* 566 U.S. 30 (2012) (citing *White v. BFI Waste Servs., LLC,* 375 F.3d 288, 295 (4th Cir. 2004)). "The prima facie case . . . , however, is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). As such, Plaintiff need not plead facts necessary to constitute a prima facie case of discrimination, but must only "allege facts to satisfy the elements of a cause of action created by" Title VII—namely, that Defendants discharged Plaintiff because of her race. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). *See McKenzie-El v. Am. Sugar Ref., Inc.*, No. 21-1089, 2021 WL 5412341, at *2 (4th Cir. Nov. 19, 2021) (per curiam) (explaining the same). The factual allegations "must be enough to raise a right to relief above the speculative level." *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555).

In particular, "[c]onclusionary allegations that similar actions were not taken against" white comparators "are 'insufficient' to state a discrimination claim." *Ruffin v. Lockheed Martin Corp.*, 126 F.Supp.3d 521, 528 (D.Md. 2015), *aff'd as modified,* 659 F.App'x 744 (4th Cir. 2016) (citing *Francis v. Giacomelli*, 588 F.3d 186, 195 (4th Cir. 2009)). The Complaint must show a plausible basis for believing that Plaintiff and the similarly situated employees were in fact similarly situated. *See Coleman*, 626 F.3d at 190–91. "Put differently, bare allegations that white colleagues were treated more favorably amounts to little more than speculation that the adverse treatment of Plaintiff was race-based." *Sillah v. Burwell*, 244 F.Supp.3d 499, 513 (D.Md. 2017) (citing *Coleman*, 626 F.3d at 191).

In *Coleman*, the Fourth Circuit concluded that the allegation that the plaintiff was "treated differently as a result of his race than whites" and that a named white person was not disciplined did not establish a plausible basis for the claim. 626 F.3d at 191. It explained: "The complaint does not even allege that [the named white coworker's] 'outside business involvements' were improper, let alone that any impropriety was comparable to the acts Coleman was alleged to have committed. Absent such support, the complaint's allegations of race discrimination do not rise above speculation." *Id.* (footnote omitted). Similarly, this Court in *Sillah* concluded that where a plaintiff had only "broadly assert[ed] that she was held to more onerous and rigorous standards at work" than her similarly situated colleagues, without more information to determine whether they were true comparators, she failed to satisfy the pleading standard. 244 F.Supp.3d at 512–13.

I turn first to Defendants' argument that Blair Wellness is not Plaintiff's employer under Title VII. I find this argument to be without merit. Despite seeking summary judgment, Defendants provide no documentation to support their proposition, beyond Mr. Blair's own affidavit (ECF No. 24-2), that it was Blair Management, not Blair Wellness that employed, trained, disciplined, and terminated Plaintiff. *See* ECF No. 24-2. However, Mr. Blair's assertions are in direct dispute with Plaintiff's Complaint.[7] Because the Court construes the motion as a motion to dismiss—in part due to the lack of supportive documentation—it accepts as true the Complaint's factual allegations. According to the Complaint, Blair Wellness was a cannabis retail business that hired and trained Plaintiff and had roughly twenty-five employees. ECF No. 1 ¶¶ 7–8, 17, 25. Thus, the Complaint

---

[7] While it is true that Plaintiff may concede a point when she fails to respond to an argument raised in a motion to dismiss, *see Stenlund v. Marriott Int'l, Inc.*, 172 F.Supp.3d 874, 887 (D.Md. 2016), Plaintiff does respond to Defendants' present argument. She asserts that the Court's understanding of "employer" should be liberally construed, and discovery will provide further insight into their formal relationship. *See* ECF No. 26 at 7. Her response and the allegations in her Complaint that Mr. Blair and Blair Wellness were her employers are sufficient to support her claim that Defendants were her employers within the meaning of Title VII.

does, consistent with 42 U.S.C. § 2000e(b), allege that Blair Wellness was engaged in an industry affecting commerce with fifteen or more employees. While Defendants contend this is untrue, that does not warrant dismissal pursuant to Rule 12(b)(6).[8]

Similarly, I conclude that the Complaint sufficiently pleads that Mr. Blair is an employer under Title VII. Plaintiff's Complaint alleges that Mr. Blair is the owner of Blair Wellness and that he oversaw the elimination of Plaintiff's position, rescinded the offer of her new position, and offered Plaintiff a severance package in exchange for a release of liability. ECF No. 1 ¶¶ 9, 26–27. While Defendants are correct that Mr. Blair cannot be liable in his individual capacity as Plaintiff's supervisor under Title VII, Plaintiff's Complaint does not focus solely on Mr. Blair's supervisory role. *See Lissau*, 159 F.3d at 180. Plaintiff instead alleged that Mr. Blair was an employer as the owner of Blair Wellness and as the person who communicated with her about her positions, including about termination, severance, and relieving Defendants of liability. Plaintiff's Complaint thus alleges that Mr. Blair's control over Plaintiff satisfied at least two of the "most important" factors in determining whether someone is a joint employer—ability to terminate and employee discipline. *See Butler*, 793 F.3d at 414–15. On this point, I agree with Plaintiff that discovery will inform the relationship between Mr. Blair and Blair Wellness as possible joint employers. *See* ECF No. 26 at 7.

I turn finally to Defendants' argument that Plaintiff failed to state a claim for race discrimination in violation of Title VII. I disagree with Defendants' contention that Plaintiff relied on "conclusory allegations regarding 'similarly situated employees' to support" her discrimination claim. Here, the allegations in Plaintiff's Complaint rise to more than the speculative and "bare

---

[8] Even if the Court were to construe the Motion as a motion for summary judgment, there would be a genuine dispute of material fact based on the allegations of the Complaint and Mr. Blair's affidavit. *See* Fed.R.Civ.P. 56.

allegations that white colleagues were treated more favorably." *See Sillah*, 244 F.Supp.3d at 513. Plaintiff identified multiple instances of alleged discrimination and a specific similarly situated white employee in Plaintiff's same position. *See Coleman*, 626 F.3d at 191. She alleged that her pay was capped and similarly situated white coworkers earned above Plaintiff's capped wages, that she brought those complaints to the human resources' office and they failed to respond, that Defendants treated similar situated employees more favorably, and that Defendants misrepresented only Plaintiff's (and other Black managers') actions as misconduct because of their race. ECF No. 1 ¶¶ 18–19, 40–42. She further alleged that white coworkers were not criminally charged for the same common and accepted practice, and that a white man in Plaintiff's very same position did not face disciplinary or adverse actions despite inventory discrepancies—one of Defendants' proposed reasons for terminating Plaintiff. *Id.* ¶¶ 14–15, 32, 42. While perhaps not expansive, these allegations are certainly more than the bare allegations in *Coleman* because the impropriety of the white comparator is comparable to Plaintiff's alleged impropriety. *See* 626 F.3d at 191. And the Court disagrees with Defendants' argument that Plaintiff's claim fails because it "[did] not attempt to eliminate the multitude of entirely race-neutral reasons for why an employer may treat two employees differently, including varying levels of experience, tenure, performance, etc." ECF No. 28 at 6 (citing *McCleary-Evans*, 780 F.3d at 586). As explained *supra*, the allegations of multiple instances of Plaintiff's negative treatment as a Black employee in contrast to her white coworkers permit the Court "to infer more than the mere possibility" of discrimination. *See Coleman*, 626 F.3d at 190 (quoting *Iqbal*, 556 U.S. at 679). Accordingly, Plaintiff has stated a claim for discrimination based on race in violation of Title VII.[9]

[9] Beyond Defendants' earlier argument about employer status, they do not assert that Plaintiff has failed to state claim for retaliation in violation of Title VII. *See generally* ECF No. 24.

2. Count III: Malicious Prosecution

Defendants further argue that Plaintiff failed to state a claim for malicious prosecution by Mr. Blair because the Complaint does not allege (a) that Defendants either instituted or continued criminal proceedings against Plaintiff or (b) that Defendants lacked probable cause or acted with malice.[10] ECF No. 24-1 at 14–17. As with the above analysis of Plaintiff's Title VII claims, Plaintiff offers the overarching argument that she satisfied the "liberal 'plausibility' standard" of Rule 12(b)(6). ECF No. 26 at 3.

"The elements of malicious prosecution are: 1) a criminal proceeding instituted or continued by the defendant against the plaintiff; 2) without probable cause; 3) with malice, or with a motive other than to bring the offender to justice; and 4) termination of the proceedings in favor of the plaintiff." *Heron v. Strader*, 361 Md. 258, 264 (2000). *See Burley v. Baltimore Police Dep't*, 422 F.Supp.3d 986, 1035 (D.Md. 2019). "[T]he decision to nol pros, on its face, does not establish a lack of probable cause." *Bailey v. Budget Rent a Car Sys., Inc.*, No. CV ELH-16-00636, 2016 WL 1721386, at *7 (D.Md. Apr. 29, 2016). *See Hines v. French*, 157 Md.App. 536, 555 (2004). "[S]uits for malicious prosecution are viewed with disfavor in law and are to be carefully guarded against" because "[p]ublic policy requires that citizens be free to resort to the courts to resolve grievances without fear that their opponent will retaliate with a malicious use of process lawsuit against them." *One Thousand Fleet Ltd. Pshp. v. Guerriero*, 346 Md. 29, 37 (1997) (quoting *North Pt. Constr. Co. v. Sagner*, 185 Md. 200, 206 (1945)).

Even where Defendant did not "swear out a warrant," he still may be liable where he "instigate[d], aide[d] or assist[ed]" in Plaintiff's criminal prosecution "within the contemplation

---

[10] Plaintiff's Complaint identifies only malicious prosecution claims with respect to Mr. Blair, not all Defendants. ECF No. 1 ¶¶ 51–54. Accordingly, the Court construes Plaintiff's Complaint as alleging malicious prosecution only against Mr. Blair.

of the law of torts." *Smithfield Packing Co. v. Evely*, 169 Md.App. 578, 593 (2006) (quoting *Wood v. Palmer Ford, Inc.*, 47 Md.App. 692, 702 (1981)). This Court explained:

> "A person is responsible for starting a criminal proceeding who . . . directs or requests a prosecution based on information which the person knows is false or withholds information which a reasonable person would realize might affect the decision to prosecute, . . . or gives inaccurate or incomplete information to those who prosecute." But, "the plaintiff must establish that the defendant committed the tort with some improper purpose or motive. Mere negligence in instituting unjustified criminal proceedings against the plaintiff cannot satisfy the 'malice' element."

*Burley*, 422 F.Supp.3d at 1036 (first quoting *Southern Management Corp. v. Taha*, 378 Md. 461, 473 (2003)) (next quoting *Montgomery Ward v. Wilson*, 339 Md. 701, 719 (1995)). "[I]f an individual's statements to police were 'the determining factor in inducing the officer's decision' or if a person 'gave information which he knew to be false and so unduly influenced the authorities, he may be held liable.'" *Kaur v. Pollack*, No. CV SAG-21-00292, 2021 WL 1890630, at *5 (D.Md. May 10, 2021) (quoting *Nasim v. Tandy Corp.*, 726 F.Supp. 1021, 1024 (D.Md. 1989)).

This Court previously explained that a plaintiff had sufficiently pled a claim for malicious prosecution based on allegations that defendants "'intentionally withheld' their knowledge" and that prosecutors relied on planted evidence in bringing charges against the plaintiffs. *Burley*, 422 F.Supp.3d at 1036 (concerning a claim brought against police officers). Similarly, in *Kaur*, the Court again explained that the defendant instigated the plaintiff's arrest and prosecution "by calling the police, by making false statements to the police . . . , and by failing to disclose that Plaintiff was not even at work on two of the days he accused her of stealing." 2021 WL 1890630, at *5.

Accepting all factual allegations as true, I find that the Complaint does allege a plausible claim for malicious prosecution by Mr. Blair. While Defendants argue that there is no allegation Mr. Blair instituted criminal proceedings against Plaintiff, nor that he acted with malice in making false statements, I disagree. Plaintiff alleges that Mr. Blair called the Baltimore Police Department

and reported that Plaintiff and two other Black managers had stolen thousands of dollars in products from Blair Wellness. ECF No. 1 ¶ 30. The Complaint further adds, as a result of Mr. Blair's report, Officer Kevin Thomas swore out an application for statement of charges. *Id.* ¶ 52. And further, Defendants' contention that Plaintiff never disavowed that she committed the theft is a fairly blind reading of the Complaint. Plaintiff offered that "[e]very single employee . . . received discounted and/or free promotional products" and that another employee had to conduct the transaction. *Id.* ¶¶ 32–33. The Complaint states: "All of the transactions presented to the police as evidence of theft were witnessed by other employees, and several were witnessed by members of upper management." *Id.* ¶ 33. And further, if that were not clear enough, the Complaint adds that "Defendant acted with malice and without probable cause in misrepresenting months of *ordinary transactions* as evidence of foul play." *Id.* ¶ 53 (emphasis added). These allegations taken together and accepted as true, present that every employee received free products and that all of Plaintiff's purchases were observed by other employees. Mr. Blair then misrepresented those ordinary and permissible transaction as theft, displaying malice and lacking probable cause. Accordingly, Plaintiff has stated a claim for malicious prosecution against Mr. Blair.

3. Count IV: Defamation

Finally, Defendants contend that Plaintiff failed to state a claim for defamation because (a) Plaintiff was not named in the statements, nor was she identifiable, and (b) the Complaint does not allege that the statements were false or that Defendants were at fault in publishing them. ECF No. 24-1 at 18–20. Plaintiff's only response appears to be again that she satisfied the "liberal 'plausibility' standard" of Rule 12(b)(6). ECF No. 26 at 3.

"To establish a prima facie case of defamation, then, the plaintiff must show: '(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that

the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm.'" *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 441–42 (2009) (quoting *Offen v. Brenner*, 402 Md. 191, 198 (2007)). A defamatory statement is one "which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person." *Id.* at 441 (quoting *Offen*, 402 Md. at 198–99).

Defendants' argument focuses on the first two elements. As to the first element, "[a] statement that is defamatory *per se* is one for which the 'words themselves impute the defamatory character,' such that the plaintiff need not plead additional facts demonstrating their defamatory nature." *Doe v. Johns Hopkins Health System Corp.*, 274 F.Supp.3d 355, 365–66 (D.Md. 2017) (quoting *Metromedia, Inc. v. Hillman*, 285 Md. 161, 172 (1979)). A defamatory statement that alleges "a person is a thief constitutes defamation *per se*." *Carter v. Aramark Sports & Ent. Servs., Inc.*, 153 Md.App. 210, 238 (2003) (citation omitted). As to the second element, "a 'false' statement is one 'that is not substantially correct.'" *Piscatelli v. Van Smith*, 424 Md. 294, 306 (2012) (quoting *Batson v. Shiflett,* 325 Md. 684, 726 (1992)).

The Maryland Court of Appeals in *Goldborough v. Orem & Johnson* explained that a defamatory statement need not name Plaintiff directly, explaining:

> [I]f the words spoken, or written, though plain in themselves, apply equally well to more persons than one, evidence may be given both of the cause and occasion of the publication, and of all the surrounding circumstances affecting the relation between the parties. The plaintiff may call at the trial his friends, or those acquainted with the circumstances, to state that on reading the libel they at once concluded it was aimed at the plaintiff.

103 Md. 671 (1906) (citations omitted). The defamatory statement then must be "of and concerning" Plaintiff. *See Norman v. Borison*, 192 Md.App. 405, 420 (2010), *aff'd,* 418 Md. 630 (2011). While the Maryland Court of Special Appeals agreed that Maryland courts have not

provided significant guidance on the "of and concerning" requirement, it did state that defamatory remarks identifying a position but not naming a plaintiff were "sufficient to identify him as the subject of the remarks." *Id.* at 420–21 (citing *Foley v. Hoffman*, 188 Md. 273, 287 (1947)).

Here, Plaintiff has pled sufficient facts to support a claim for defamation. With respect to Defendants' argument that Plaintiff did not allege the statements were false, I refer to my above discussion that Plaintiff's Complaint does contest the truthfulness of these claims, contending that the alleged theft transactions were actually ordinary transactions of free and discounted promotional products. I turn then to Defendants' remaining argument. Plaintiff contends that Blair Wellness publicized a social media post, sent a message to Blair Wellness's entire clientele list, and sent a staff wide email message that three former employers were engaged in a major theft scheme. ECF No. 1 ¶ 34. She alleges the social media post was to "malign[]" Plaintiff and prevent her from seeking alternative employment. *Id.* ¶ 56. Mr. Blair then provided case numbers in additional messages so Plaintiff's identity was "readily discerned." *Id.* ¶ 57. While Defendants assert that Mr. Blair's messages were in response to a separate matter, the Court accepts the allegations of the Complaint as true at this stage. *See* ECF No. 24-1 at 19. While case numbers are not defamatory in themselves, case numbers referring to false allegations of criminal behavior, as alleged by Plaintiff's Complaint, may certainly constitute defamatory statements. Accordingly, Plaintiff's Complaint states a claim for defamation.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendants' Motion (ECF No. 24) is DENIED. A separate Order will follow.

Date: 11 April 2022

A. David Copperthite
United States Magistrate Judge