**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| KAMILLE D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:21-cv-02606-ADC |
| | ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| _____ | ) | |
| | ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAMILLE D. JONES | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| _____ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**FIRST AMENDED COMPLAINT AND FOR JOINDER OF ADDITIONAL**
**DEFENDANT UNDER FRCP 19**

Defendants, Blair Wellness Center, LLC ("Blair Wellness") and Matthew Edward Blair ("Mr. Blair") (collectively, "Defendants"), by and through their undersigned counsel, submit this Opposition to Plaintiff's Motion for Leave to File First Amended Complaint and for Joinder of Additional Defendant under FRCP 19 ("Motion for Leave to Amend") (ECF No. 41). In support thereof, Defendants state as follows:

## I.     <u>INTRODUCTION</u>

Plaintiff's Motion for Leave to Amend improperly seeks to add time-barred claims against Blair Management, LLC ("Blair Management), and reallege previously dismissed claims under

Title VII of the Civil Rights Act of 1964 ("Title VII") against Blair Wellness and Mr. Blair. Specifically, with respect to Blair Management, the Motion for Leave to Amend erroneously argues that amendment is necessary to correct a mistake in identity, thereby triggering the relation back doctrine. However, Plaintiff was not mistaken as to the identity of her employer when she filed this lawsuit, but rather made a deliberate choice of who to sue within the limitations period. In fact, long before this lawsuit was commenced on October 12, 2021, Defendants specifically advised Plaintiff in responding to her Charge of Discrimination with the EEOC that she was employed by Blair Management, and not Blair Wellness or Mr. Blair. *See* Position Statement, attached hereto as **Exhibit A.**[1] In addition, Blair Management paid, supervised and managed Plaintiff as reflected on her paystubs and acknowledged by Plaintiff in her pursuit of unemployment benefits after her termination by Blair Management. *See* Paystub, attached hereto as **Exhibit B**, and Request for Information from the Maryland Department of Labor, attached hereto as **Exhibit C**. Nonetheless, Plaintiff ignored this information and still sued Blair Wellness and Mr. Blair in an effort to damage the business and reputation of Defendants. Accordingly, the Court should not apply the relation back doctrine and Plaintiff should not be permitted to allege time-barred claims against a new party.

Similarly, with respect to Blair Wellness and Mr. Blair, Plaintiff's attempt to re-allege previously dismissed claims against Blair Wellness and Mr. Blair is nothing more than a futile and bad faith attempt to obtain "third bite of the proverbial apple." Plaintiff had a full opportunity to demonstrate that Mr. Blair and Blair Wellness were "employers" under Title VII in her Opposition to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Motion

---

[1] Defendants have redacted unnecessary names and information from this exhibit to protect the information of non-parties.

to Dismiss") (ECF No. 24).  Subsequently, Plaintiff had a second opportunity to brief this issue in opposing Defendants' Motion for Reconsideration of the Court's Ruling on the Motion to Dismiss ("Motion for Reconsideration") (ECF No. 31), but inexplicably failed to do so.  Now – several months after the filing of Defendants' Motion for Reconsideration and literally 30 minutes before the deadline for amendment of pleadings – Plaintiff seeks to re-allege the same claims previously asserted against Blair Wellness and Mr. Blair based on many of the same arguments and factual averments previously rejected by the Court.  Finally, Plaintiff's reliance on the alter-ego standard for "piercing the corporate veil," as well as the use of the "integrated enterprise" doctrine to allow claims against a related corporate entity is similarly defective as Plaintiff fails to explain how the Amended Complaint plausible satisfies either doctrine. Accordingly, because  Plaintiff's "renewed claims" will not survive a motion to dismiss and are only filed as an untimely and "back door" opposition to Defendants' Motion for Reconsideration, Defendants respectfully request that Plaintiff's Motion for Leave to Amend be denied.

## II.   PROCEDURAL BACKGROUND

In February of 2021, Plaintiff inexplicably and incorrectly named Blair Wellness as her "employer" in a charge of discrimination ("Charge") filed with the Equal Employment Opportunity Commission ("EEOC").  *See* Second Declaration of Mr. Blair (ECF No. 42-1) at ¶ 15.  Defendants responded to this Charge with a position statement on March 10, 2021, advising that Plaintiff was only employed by Blair Management.[2]  *See* **Exhibit A** at p. 1.

---

[2] Plaintiff cannot disclaim knowledge of this position statement, as the EEOC provides employer position statements to claimants as a matter of course and Plaintiff has produced Defendants' Position statement in discovery. Equal Employment Opportunity Commission, *Questions and Answers for Charging Parties on EEOC's New Position Statement Procedures*, https://www.eeoc.gov/questions-and-answers-charging-parties-eeocs-new-position-statement-procedures#:~:text=EEOC%20will%20provide%20the%20Respondent's,to%20Respondent%20during%20the%20investigation.

Nonetheless, on October 12, 2021, Plaintiff again omitted Blair Management from a four-count Complaint for Unlawful Employment Practices ("Complaint") (ECF No. 1) against Defendants.   Plaintiff's Complaint alleged (1) race discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) malicious prosecution; and (4) defamation. Defendants filed a Motion to Dismiss on March 7, 2022, arguing, *inter alia*, that Defendants were not "employers" of Plaintiff under Title VII.  On April 11, 2022, this Court denied Defendants' Motion to Dismiss and issued an Order and Memorandum Opinion. (ECF Nos. 29, 30).  On April 25, 2022, Defendants filed a Motion for Reconsideration, arguing that the Court erred in denying Defendants' Motion to Dismiss by failing to consider the unrefuted Declaration of Mr. Blair, establishing that Mr. Blair and Blair Wellness were not "employers" of Plaintiff under Title VII. Defendants therefore again requested in the Motion for Reconsideration that the Court "dismiss with prejudice Counts I and II in Plaintiff's Complaint."  ECF No. 31 at p. 9.

On May 12, 2022, this Court granted Defendants' Motion for Reconsideration and issued an Order and Letter Opinion ("Order") (ECF No. 34). The Court's Order stated that, due to internal docketing errors, the exhibits to Mr. Blair's Declaration were submitted as one document which prevented the Court from reviewing the exhibits along with the Motion to Dismiss. ECF No. 34 at p. 1.  The Court further observed that "Plaintiff had repeated opportunities to brief the arguments at issue and declined to respond to Defendants' Motion for Reconsideration."  *Id.* at p. 3. In dismissing Counts I and II against Blair Wellness, the Court considered a signed Offer of Employment submitted with Mr. Blair's Declaration (ECF No. 24-2 at ¶ 8, and Exhibit B attached thereto), which was integral to the Complaint and therefore appropriately before the Court under Rule 12(b)(6).  ECF No. 34 at p. 2.

The Court found that the Offer of Employment was clearly between Blair Management and Plaintiff, detailed that Plaintiff was to be employed by Blair Management, explained that Plaintiff would be subject to the Blair Management Employee Handbook, and stated that Blair Management would manage payroll.[3] *Id.* at p. 3. The Court stated that "[t]he Complaint's allegations that Blair Wellness was Plaintiff's employer, about its work, and about how many staff it employed – all required elements of an employer under Title VII – are contradicted by her Offer of Employment" and thus "fails to meet the pleading standard." *Id.*   Similarly, concerning Mr. Blair, the Court found that "Plaintiff's allegations against Mr. Blair in the Complaint – notably his hiring and termination of Plaintiff – relate to his alleged relationship with Blair Wellness, an entity that did not employ Plaintiff." *Id.* The Court therefore ordered that "Defendants' Motion for Reconsideration … is GRANTED," and "Counts I and II are DISMISSED, but the Court will permit Plaintiff leave to amend her Complaint in light of the apparent confusion of the parties and the employment relationship between the various entities." *Id.*

Over one (1) month later, at 11:24 p.m. on June 27, 2022, Plaintiff filed her Motion for Leave to Amend (ECF No. 41).  Plaintiff's Motion for Leave to Amend seeks to join Blair Management as a defendant and reassert Counts I and II against Blair Wellness and Mr. Blair.

## III.   **LEGAL STANDARD**

Fed. R. Civ. P. 15(a)(2) provides that courts should freely give leave to a party to amend their pleadings "when justice so requires." However, denial of leave to amend is appropriate "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Jarallah v. Thompson*, 123 F.Supp.3d 719,

---

[3] The Court also observed that Plaintiff did not challenge the authenticity of the Offer of Employment.

728 (D. Md. 2015) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

"Amendments are futile when 'the proposed amendments could not withstand a motion to dismiss.'" *Sullivan v. City of Frederick, Maryland*, 738 Fed. Appx. 198, 200 (4th Cir. 2018) (quoting *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

## IV.   <u>ARGUMENT</u>

### A.   **Plaintiff's Title VII claims against Blair Management are time-barred and therefore futile.**

Plaintiff argues that she would have brought her claims against Blair Management "but for a mistake in identity." Plaintiff's Opposition at p. 2. However, there can be no mistake in identity, as Plaintiff was well aware before the filing of this action that her employer was Blair Management, and not Blair Wellness or Mr. Blair. Under Fed. R. Civ. P. 15(c), a complaint may be amended to change the party, and the complaint will relate back to the original complaint if certain conditions are met. In *Schiavone v. Fortune*, the Supreme Court explained that one such condition of the relation back doctrine is that the "party must or should have known that, <u>but for a mistake concerning identity</u>, the action would have been brought against it[.]" 477 U.S. 21, 29-30 (1986) (emphasis added). Unlike a "correction of a previously identified party[,]" the mere addition of a new defendant does not trigger the relation back doctrine. *Shakeri v. Prince George's Cnty.*, No. GJH-21-00549, 2022 WL 103095, at *4 (D. Md. Jan. 10, 2022). This Court has observed that "[t]he problem of new defendant versus mere misnomer resolves itself into a question of <u>who was intended to be sued</u>, and whether that party had timely knowledge of the action." *Id.* (citing *Smith v. Gehring*, 496 A.2d 317, 320 (Md. Ct. Spec. App. 1985)) (emphasis added).

Here, as specifically set forth in Mr. Blair's previous Declaration in support of Defendants' Motion to Dismiss (ECF No. 24-2), on October 9, 2019, Plaintiff signed an Offer of

Employment with Blair Management and agreed that all benefits of her employment would be governed by Blair Management's Employee Handbook.  ECF No. 24-2 at ¶ 8, and Exhibit B attached thereto; see also October 9, 2019 Offer of Employment, attached hereto **Exhibit D**.  Blair Management paid Plaintiff as specifically reflected on her paystubs.  *See* **Exhibit B**.  Blair Management supervised and managed Plaintiff. ECF No. 24-2 at ¶¶ 9-10. In addition, Plaintiff pursued unemployment benefits and filed a formal claim against Blair Management shortly after the termination of her employment. *See* **Exhibit C**.  Nonetheless, in February of 2021, Plaintiff incorrectly named Blair Wellness as her "employer" in her Charge filed with the EEOC.  ECF No. 42-1 at ¶ 15. While Plaintiff was surely aware that she had named the wrong party, Defendants responded to Plaintiffs' charge with a position statement, explicitly stating that Plaintiff "filed her complaint against the wrong entity" and that Plaintiff was rather employed by Blair Management for many of the same reasons outlined in the Declaration of Mr. Blair (ECF No. 24-2).  *See* **Exhibit A**.[4]

In light of the Position Statement and undisputed facts asserted in Mr. Blair's Declaration – all of which were known by Plaintiff before this suit was filed – Plaintiff's assertion that "the prior confusion surrounding the parties is largely the result of intentional obfuscation and misleading omissions by the original Defendants" is nonsensical.  Plaintiff's Motion at p. 4. Not only was Plaintiff privy to numerous documents naming Blair Management as her employer, but Defendants advised Plaintiff in writing of the error in naming Blair Wellness as an employer in her Charge.  *See* **Exhibit A**.  Thus, Defendants put Plaintiff on notice of the proper employer well

---

[4] The Position Statement attached hereto as Exhibit A conclusively rebuts Plaintiff's assertion that she was unaware of the Administrative Services Agreement ("ASA") between Blair Management and Blair Wellness until the filing of Defendants' Motion to Dismiss.  Plaintiff's Motion for Leave to Amend at n. 1.  The Position Statement notably cites to the ASA in pointing out that Plaintiff has named the wrong party.

before this action was filed, and Plaintiff ignored this information because of her likely improper motive to harm the business and reputation of Mr. Blair and Blair Wellness.  Plaintiff has only now sought to bring a new party, Blair Management, into this action because Defendants have successfully demonstrated to the Court what was previously conveyed to Plaintiff—that she was employed by Blair Management and not Blair Wellness or Mr. Blair.   Thus, Plaintiff cannot now reasonably assert that she intended to name Blair Management or was "confused" when this suit was commenced.

Given that the relation back doctrine does not apply to Plaintiff's deliberate choice to sue Blair Wellness and Mr. Blair rather than Blair Management, Plaintiff's claims against Blair Management under Title VII are only timely if the Motion for Leave to Amend was filed within 90 days of the receipt of a "right-to-sue" letter from the EEOC.  *See Levere v. Signature Properties, LLC*, No. CV ELH-21-1929, 2022 WL 2159837, at *10 (D. Md. June 14, 2022) ("Title VII, on which most of plaintiff's claims are founded, requires a plaintiff to file suit within 90 days of receipt of a right-to-sue notice from the EEOC.") (citing 42 U.S.C. § 2000e-5).   Here, Plaintiff never received a right-to-sue letter for Blair Management because she deliberately chose not to name this entity in her Charge.  *But See Crosten v. Kamauf*, 932 F. Supp. 676, 681 (D. Md. 1996) ("Title VII, a civil action may be brought only "against the respondent named in the [administrative] charge.") (citing 42 U.S.C. § 2000e–5(f)(1)).   Moreover, even had she named Blair Management in her Charge, Plaintiff's Motion for Leave to Amend was filed on June 27, 2022 – almost one year after issuance of the right-to-sue letter.  Plaintiff Proposed Amended Complaint ("Amended Complaint") at ¶ 6.  Thus, Plaintiff's Title VII claims against Blair Management cannot withstand a Motion to Dismiss, and Plaintiff should be barred from asserting those claims on the basis of futility.

**B.      Plaintiff's Motion for Leave to Amend is brought as a bad faith, untimely and futile opposition to Defendants' Motion for Reconsideration.**

The Court's Order granting Defendants' unopposed Motion for Reconsideration was a dismissal with prejudice as to Mr. Blair and Blair Wellness, and did not provide Plaintiff leave to reassert the very claims dismissed by the Court.  *See* Fed. R. Civ. P. 41(b) (stating that unless a dismissal order states otherwise, a dismissal will operate as an adjudication on the merits); *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1725 (2020) ("When a court dismisses a case for failure to state a claim, but neglects to specify whether the order is with or without prejudice, how should a later court determine its preclusive effect? Federal Rule of Civil Procedure 41(b), codifying an old equitable principle, supplies the answer: It tells courts to treat the dismissal 'as an adjudication on the merits' – meaning a dismissal with prejudice."); *Mclean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) (collecting cases holding dismissing case pursuant to 12(b)(6) is a decision on the merits).  Quite simply, the Court's Order conclusively resolved the issue of Plaintiff's "employer" on the merits, and specifically noted that Plaintiff's "Offer of Employment was clearly between Blair Management and Plaintiff."  ECF No., 34 at p. 3.  Taken in its proper context, the Court's grant of leave to amend the Complaint "in light of the apparent confusion of the parties and the employment relationship between the various entities" therefore only allowed Plaintiff to add her true employer, Blair Management.  ECF No. 34 at pg. 3.

In clear disregard for the Court's Order, Plaintiff uses her Motion for Leave to Amend as a *de facto* untimely opposition to the Motion for Reconsideration.  Thus, Plaintiff's Motion for Leave to Amend prejudices both the Court and Defendants by requiring the dedication of time and resources to the issue of Plaintiff's "employer" for a third time, notwithstanding ample opportunity for Plaintiff to address this issue in opposition to Defendants' Motion to Dismiss and Motion for Reconsideration.  Moreover, Plaintiff makes many of the same futile arguments already rejected

by the Court in dismissing the Title VII claims against Blair Wellness and Mr. Blair.  Plaintiff sets forth three arguments: (1) Blair Wellness, as a Maryland Medical Cannabis Commission ("MMCC") licensee, is statutorily obligated to maintain control over its registered dispensary agents and therefore satisfies Title VII's definition of "employer," (2) Blair Management, Blair Wellness, and Mr. Blair are joint employers under Title VII, and (3) Blair Wellness and Mr. Blair are part of an integrated enterprise with Blair Management.  Assuming, *arguendo*, that Plaintiff is entitled to raise these arguments several months after the filing of the Motion for Reconsideration, they do not save the futile claims re-asserted in Plaintiff's proposed Amended Complaint ("Amended Complaint") (ECF No. 41-2).

>            i.    *Plaintiff unsupported claims regarding the MMCC regulatory scheme do not support Mr. Blair's or Blair Wellness's status as "employers."*

Plaintiff first asserts that Blair Wellness is an employer under Title VII because of various non-delegable duties under the MMCC regulatory scheme to "maintain standard operating procedures, register and train licensed dispensary agents, maintain required records, and to otherwise comply with the applicable laws and regulations." Motion to Amend at p. 5; Amended Complaint at ¶¶ 1-6.  However, Plaintiff has previously made the exact same assertions without success in her original Complaint and Opposition to Defendants' Motion to Dismiss.  *See* ECF No. 26 at p. 7 (alleging that, due to the regulatory scheme governing the medical marijuana industry – including dispensary licensing, ownership, control, and operations – a reasonable finder of fact must conclude that Mr. Blair and Blair Wellness are "employers.").

Moreover, neither Plaintiff's Motion to Amend nor Plaintiff proposed Amended Complaint cite to any <u>authority</u> to support the assertion that Blair Wellness was unable to rely on Blair Management to perform the staffing needs of its dispensary pursuant to the Administrative Services Agreement, which Mr. Blair testified to in his Declaration in support of Defendants'

Motion to Dismiss.  *See* ECF No. 24-2.  In any event, Plaintiff's assertions of law regarding the MMCC regulatory scheme in the Amended Complaint are not entitled to assumption of truth in ruling on a Motion to Dismiss under Rule 12(b)(6).  *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) ("statements of bare legal conclusions 'are not entitled to the assumption of truth.'").  Thus, Plaintiff's threadbare assertions about the MMCC regulatory scheme cannot disturb the Court's prior ruling that Plaintiff has failed to plead an employment relationship with Blair Wellness, as confirmed by her Offer of Employment with Blair Management.

    ii. *The joint employment doctrine cannot not save Plaintiff's futile claims against Mr. Blair and Blair Wellness.*

  Plaintiff next dedicates several pages of her Motion to Amend to discussing the joint employer doctrine, under which "multiple entities may simultaneously be considered employers for the purposes of Title VII."  Plaintiff's Motion for Leave to Amend at p.6 (citations omitted).  Plaintiff recognizes "that control remains the principal guidepost for determining whether multiple entities can be a plaintiff's joint employers[.]"  *Butler v. Drive Auto. Indus. of Am., Inc*., 793 F.3d 404, 415 (4th Cir. 2015).  Plaintiff thereafter asserts without support that Blair Wellness, Blair Management and Mr. Blair all "held substantial control over Plaintiff's employment."  Plaintiff's Motion for Leave to Amend at p. 9.

  As a preliminary matter, Plaintiff again ignores that she has already relied on the joint employer doctrine in unsuccessfully opposing Defendants' Motion not Dismiss.  ECF No. 26 at p. 6 ("Courts have recognized that a plaintiff may, for the purposes of a Title VII claim, have more than one employer, or alternatively that two entities constitute one employer, either as a "joint" or "single" employer.").  Notably, Plaintiff does not cite to <u>any</u> new averments in the Amended Complaint to plausibly demonstrate a joint employment relationship between Mr. Blair, Blair Wellness and Blair Management. *See Samuels v. Agency Ins. Co. of Maryland, Inc*., 2000 WL

627645 at *1 (4th Cir. May 16, 2000) (denying plaintiff's motion for leave to amend previously dismissed complaint where "[t]he amended version contained the same conclusory allegations as were presented in the original complaint."); *Panowicz v. Hancock*, 2013 WL 2181212 at *4 (D. Md. May 17, 2013) (denying plaintiff's motion for leave to amend where motion seeks to reassert claims which were previously dismissed).

With respect to Blair Wellness, Plaintiff's again resorts to vague pronouncements of obligations that Blair Wellness <u>should have</u> fulfilled  under MMCC regulations, rather than <u>factual averments</u> that Blair Wellness in fact exercised "control" over her employment.  *See* Motion for Leave to Amend at p. 9 (alleging without citation that "Blair Wellness holds statutory control over the entire cannabis retail operation[.]").   However, Plaintiff is required to plead facts in the Complaint to plausibly establish the elements of a joint employment relationship.  *Erbe v. Campbell*, No. CV GLR-20-3266, 2021 WL 1890610, at *5 (D. Md. May 11, 2021).  Moreover, in the cases cited by Plaintiff concerning the joint employer doctrine, the supposed joint employer exercised substantial control over Plaintiff's employment, including hiring and firing decisions and day-to-day supervision.  *See Butler v. Drive Auto. Indus. of Am., Inc.,* 793 F.3d 404, 415 (4th Cir. 2015) (observing that the purported joint employer directed "that Butler be 'add[ed] to the list for replacement[,]'" and "led the day-to-day supervision of Butler on the factory floor.").

Here, Mr. Blair's Declaration in support of the Motion to Dismiss establishes the exact opposite, and that Blair Management, not Blair Wellness, supervised dispensary personnel, "set the work hours, job duties, rates of pay, and work rules for individuals working at the dispensary, and made decisions about whether to hire and fire such individuals[.]"  ECF No. 24-2 at ¶ 6.  Thus, upon the filing of a Motion to Dismiss Plaintiff's Amended Complaint, the Court would most certainly again rule that Plaintiff's assertion of an employment relationship with Blair Wellness is

"contradicted by her offer of Employment[,]" and that "Plaintiff's allegations that Blair Wellness was her employer thus fails to meet with pleading standard."  ECF No. 34 at p. 3.

Plaintiff's conclusory argument that Mr. Blair "exerts actual control, unilaterally controlling employee hiring and terminations, payroll, and employee discipline" does not fare any better.  Plaintiff Motion to Amend at p. 9.  Outside of the threadbare conclusion that Mr. Blair "is an employer as defined by Title VII[,]" the Amended Complaint's includes only allegations that Mr. Blair was involved in the elimination of Plaintiff's position, rescinding an offer of employment and sending Plaintiff a severance package.  However, all of these actions are merely entirely consistent with, and indistinguishable from, the duties performed by a manager or supervisor in a corporate setting—neither of whom are subject to individual liability under Title VII.  *See, e.g.,* *Lissau v. S. Food Serv., Inc*., 159 F.3d 177, 181 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations.").  Likewise, to the extent that the Amended Complaints includes allegations that Mr. Blair is the owner and/or founder of Blair Management, those allegations too are irrelevant to whether Mr. Blair satisfies the definition of "employer."  *See* *Harris v. Heritage Home Health Care*, 939 F. Supp. 2d 793, 799 (E.D. Mich. 2013) (Collecting cases and observing that  "several courts … have refused to find individual liability under Title VII based on 'ownership' of the employing entity or similar 'alter ego' theories of liability.").[5]

---

[5] Plaintiff also disingenuously argues that "the precise contours of the relationship between Defendants Blair Wellness, Blair Management and Blair require further discernment through discovery."  Plaintiff's Motion to Amend at p. 9.  This argument too was already made by Plaintiff and rejected.  *See* ECF No. 26 at p. 5.  Furthermore, Plaintiff's contention that she needs discovery to be better ascertain her employer is belied by the fact that <u>Plaintiff has not conducted any discovery</u> since issuance of the Court's Scheduling Order nearly two months ago, on May 12, 2022.

iii.    *The Amended Complaint does not assert claims under the alter-ego or integrated enterprise theories.*

Plaintiff finally discusses several cases interpreting the alter-ego standard for "piercing the corporate veil," as well as the use of the "integrated enterprise" doctrine to allow claims against a related corporate entity.  Plaintiff's Motion to Amend at p. 10.  Plaintiff notes that, under the alter ego doctrine, where "stockholders … fail to observe the corporate entity, operating the business or dealing with the corporation's property as if it were their own, the court will … disregard the corporate entity for the protection of third persons."  Plaintiff's Motion to Amend at p. 11 (citing *Hildreth v. Tidewater Equip. Co.*, 378 Md. 724, 734 (2003)).  Plaintiff also notes that, under the single employer or integrated enterprise principle, two entities may be liable as a single employer where "they have an interrelation of operations, common management, centralized control of labor relations, and common ownership."  Plaintiff's Motion to Amend at p. 11 (*citing Radio & Television Broadcasting Technicians Local Union 1264 v. Broadcast Serv. of Mobile, Inc*., 380 U.S. 255, 256 (1965).  However, Plaintiff's reliance on the alter-ego and integrated enterprise theories is misplaced, as she again fails to explain how the Amended Complaint plausible satisfies either doctrine.

Plaintiff does not identify any cases applying Title VII and rather relies upon general pronouncement of Maryland law with respect to her alter-ego argument.[6]   This is likely because

---

[6] Plaintiff cites to two cases where the Maryland Court of Special Appeals "considered claims against individuals for violations of Maryland labor and employment laws, even though the individuals had sought to limit their exposure by forming limited liability companies."  Plaintiff's Motion for Leave to Amended at p. 14 (*citing Pinnacle Grp., LLC v. Kelly*, 235 Md. App. 436, 445 (2018), and *Campusano v. Lusitano Cont. LLC*, 208 Md. App. 29, 32-33, 56 A.3d 303 (2012)).  However, in both cases, the Court found owners of the LLC's to be employers under Maryland's Wage Payment Collection Law, which employs an "economic realities test" "not particularly transferrable to Title VII cases."  *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 412 (4th Cir. 2015).  Plaintiff's failure to cite to comparable Title VII cases where the Court has pierced the corporate veil is telling.

case law from within the Fourth Circuit on Title VII requires that plaintiff "allege facts" within the Complaint showing both that the individual abused the corporate form <u>and</u> that piercing the corporate veil is "needed to avoid injustice" such as fraud. *Mayes v. Moore*, 419 F. Supp. 2d 775, 781 (M.D.N.C. 2006).  Here, the Amended Complaint does not allege facts showing that Mr. Blair has failed to observe the corporate form of Blair Management or Blair Wellness, or that disregarding the corporate form is necessary to protect Plaintiff or a third party from fraud or other injustice. Plaintiff rather speculates in the Motion to Amend – <u>based on a host of assertions unsupported by any citation to evidence or facts asserted in the Amended Complaint</u> – that "Blair Management, LLC is merely the disguised continuance of Mr. Blair's ownership of and control over Blair Wellness Center."[7]  Plaintiff's Motion to Amend at p. 12.  Yet, the well pleaded factual averments in the Complaint – not Plaintiff's conjecture in the Motion to Amend – determine whether Plaintiff's claims against Mr. Blair are futile and subject to dismissal.  *Id.* at 782 (granting dismissal of an alter-ego claim where plaintiff failed to allege in the complaint that the individual defendant "abused the corporate form" and rather merely alleged that defendant "is an 'employer' within the meaning of the act and subject to individual liability for his discriminatory acts as owner, Chief Executive Officer, alter-ego of the corporation, and direct supervisor of Plaintiff.").

Plaintiff's reliance on the integrated enterprise doctrine is flawed for many of the same reasons.  First, Plaintiff already unsuccessfully raised the integrated enterprise or "single employer" doctrine in her unsuccessful Opposition to Defendants' Motion to Dismiss.  *See* ECF

---

[7] Plaintiff asserts that Mr. Blair has the power to bind both Blair Management and Blair Wellness because of the Mutual Release attached to Plaintiff's Amended Complaint, showing that Mr. Blair offered Plaintiff a mutual release on behalf of Blair Management and its "predecessors and successors, subsidiaries, affiliates, assigns" etc.  Plaintiff's Motion for Leave to Amend at p. 14. However, this is standard release language in all settlement agreements, and makes no explicit reference to Blair Wellness.

No. 26 at p. 6 ("Courts have recognized that a plaintiff may, for the purposes of a Title VII claim, have more than one employer, or alternatively that two entities constitute one employer, either as a "joint" or "single" employer[.]").   Second, there are no new facts asserted in the Amended Complaint to now establish Mr. Blair or Blair Wellness are part of an integrated enterprise with Blair Management.   Outside of simply referencing the Administrative Services Agreement, the Amended Complaint does not address whether Blair Management and Blair Wellness have common management, a "degree of common ownership/financial control[,]" or "centralized control of labor relations[,]" which is the most important factor under the common enterprise doctrine. *Jarallah v. Thompson*, 123 F. Supp. 3d 719, 729 (D. Md.), *aff'd*, 627 F. App'x 185 (4th Cir. 2015).   Notably, Plaintiff does not dispute the undisputed facts asserted in Mr. Blair's Declaration—including that Blair Wellness and Blair Management have no common employees or management, that Blair Management exercises all control over personnel matters, and that Blair Management has separate ownership from Blair Wellness. ECF No. 24-2 at ¶¶ 5-7. Plaintiff's Amended Complaint does not undermine any of these facts, and therefore provides no basis to believe that Plaintiff's renewed claims against Blair Wellness and Mr. Blair will be any more successful than the Title VII claims already dismissed by this Court.

## V.    **CONCLUSION**

For all of the reasons set forth above, Defendants, Blair Wellness Center, LLC and Matthew Edward Blair, respectfully request that the Court deny Plaintiff's Motion for Leave to Amend.

Respectfully submitted,

Michael E. Blumenfeld (Fed. Bar No. 25062)
Jeffrey T. Johnson (Fed. Bar No. 19876)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street, Suite 1600
Baltimore, MD 21201
Tel: 443-392-9402
Fax: 443-392-9499
Michael.Blumenfeld@nelsonmullins.com
Jeffrey.Johnson@nelsonmullins.com

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 11th day of July 2022, a copy of the foregoing Opposition to Plaintiff's Motion for Leave to File First Amended Complaint and for Joinder of Additional Defendant under FRCP 19 and proposed Order was served via the court's ECF system on:

Lindsey J. Parker, Esquire
725 Ponca Street
Baltimore, Maryland 21224

***Counsel for Plaintiff***

/s/ Jeffrey T. Johnson
Jeffrey T. Johnson