IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| KAMILLE D. JONES | * | |
| Plaintiff, | * | Civil Case No.: 1:21-cv-02606-ADC |
| vs. | * | |
| BLAIR WELLNESS CENTER, *et al.* | * | Hon. A. David Copperthite |
| Defendants. | * | |
|   | * | |

### PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE COUNTER-COMPLAINT AND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

**COMES NOW**, Plaintiff and Counter-Defendant Kamille D. Jones ("Plaintiff"), by and through undersigned Counsel, and hereby files the following Reply in opposition to Defendants' Opposition to Plaintiff's Motion to Strike Counter-Complaint and Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counter-Complaint ("Opposition and Motion to Amend") (ECF No. 40). It is an "axiomatic standard" in this Court that a party may not use their memorandum in opposition to a dispositive motion to amend a pleading. *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, (D. Md. 2017). Additionally, surreplies are not permitted to be filed without leave of Court, per Local Rule 105.2.a. Insofar as a response is warranted, Plaintiff opposes Defendants' Opposition and Motion to Amend in its entirety, and states the following:

### PROCEDURAL POSTURE

Plaintiff filed her Motion to Strike Counterclaim or, in the Alternative, Motion to Dismiss ("Motion to Strike")(ECF No. 39) on June 16, 2022. Defendants Blair Wellness

Center and Matthew Blair filed their Opposition and Motion to Amend (ECF No. 40) on June 25, 2022[1]. Defendants then filed two additional sur-replies, on June 30, 2022 (ECF No. 42) and July 11, 2022 (ECF No. 43).

## ARGUMENT
### I. DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER SHOULD FAIL FOR FUTILITY AND PROCEDURAL DEFICIENCY.

Although leave to amend must be freely given by the Court, leave to amend may be denied where the proposed amendment "would be prejudicial to the opposing party, or the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). A proposed amendment is prejudicial to the opposing party if it is belated and would change the nature of the litigation. *Id.* at 604; *see also Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987). A proposed amendment is futile if "the proposed amended complaint fails to satisfy the requirements of the federal rules." *Potts v. DiPaola*, Civil Action No. RDB-21-1073, 2022 U.S. Dist. LEXIS 36680, at 7 (D. Md. Mar. 2, 2022); *quoting Katyle v. Penn Nat. Gaming, Inc.* 637 F.3d 462, 471 (4th Cir. 2011); *aff'd United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). It is well-established in this Circuit that the opposition to a dispositive motion "is not a vehicle for amending the complaint." *Potts v. DiPaola*, Civil Action No. RDB-21-1073, 2022 U.S. Dist. LEXIS 36680, at 7-8. *See Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-3193, 2015 U.S. Dist. LEXIS 61060, 2015 WL 2227928, at *7 (D. Md. May 11,

---

[1] Counsel for the Defendants emailed Plaintiff's Counsel in the evening of Friday, June 24, 2022 seeking permission to amend their Answer, and filed the presently-contested Opposition and Motion to Amend not 24-hours later. Plaintiff's Counsel was neither called nor given any meaningful opportunity to decline Defendants' Counsel's request for consent.

2015) *see also Mylan Laboratories, Inc. v. Akzo, N. V.*, 770 F.Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984)), *aff'd*, 2 F.3d 56 (4th Cir. 1993); *Zachair Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998); *Woodbury v. Victory Van Lines*, 286 F.Supp.3d 685, 692 (D. Md. 2017) (stating it is axiomatic that a plaintiff may not use their memorandum in opposition to amend the complaint).

In this case, the Defendants/Counter-Plaintiffs are improperly attempting to use their Opposition to Plaintiff's Motion to Strike as a vehicle for amending their Answer. As stated in Plaintiff's Motion to Strike, Defendants' filed their standalone Counter-Complaint thirty-eight (38) days after filing their answer. While Defendants argue that their compulsory counterclaims have not been waived, Plaintiff contends that their Motion for Leave to Amend, as appended to Defendants' Opposition to Plaintiff's Motion to Strike, fails to properly raise the issue before the Court. Considering that the deadline for amending pleadings set by the Scheduling Order was June 27, 2022, the Defendants' proposed amendment would be futile.

II. **GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER WOULD REWARD DEFENDANTS' CONTINUED BAD FAITH.**

By all indications, the notable confusion surrounding the Parties is entirely by design, as the Defendants continue to put forth incomplete, inaccurate, and otherwise misleading information concerning the nature of and relationships between these entities. Defendant Blair has intentionally misled this Court as to his ownership interest

in, and relationship to Blair Wellness Center, while Blair Wellness Center has enabled the misdirection through its incomplete and inaccurate Corporate Affiliation and Financial Interest Disclosure. Defendants' Motion, if granted, would amount to a reward for Defendants' continued obfuscation and misdirection—which has been significant thus far.

**a. The Corporate Affiliation and Financial Interest Disclosure Filed by Defendant Blair Wellness is Facially Deficient and Contains None of the Information Required by the Local Rules.**

L.R. 103.3 requires counsel file a Disclosure of Affiliations and Financial Interest, disclosing the identity of any parent or other affiliate of a corporate party and the description of the relationship between the party and such affiliates; the identity of all members of any party that is a business entity established under state law, other than a corporation; the identity of any corporation, unincorporated association, partnership, or other business entity, not a party to the case, which may have any financial interest whatsoever in the outcome of the litigation, and the nature of its financial interest. Counsel for Defendant Blair Wellness filed its Corporate Disclosure Statement ("Disclosure") (ECF No. 33) on April 25, 2022, which states in its entirety:

> *I, the undersigned, counsel of record for Defendant Blair Wellness Center, LLC ("Defendant"), certify to the best of my knowledge and belief that 1) Defendant's sole member is Blair Medical, LLC, 2) Defendant has no other subsidiaries or affiliates, and 3) there are no non-party entities with a financial interest in the outcome of this litigation.*

Notwithstanding the complete dearth of information disclosed regarding "Blair Medical, LLC," conspicuously absent from the Disclosure is any mention of Blair Management,

presently-proposed Party Defendant, and known Blair Wellness Center affiliate, by way of the Administrative Services Agreement the original Defendants themselves provided. Less conspicuously, but absent nonetheless, are the no fewer than ten affiliated business registrations and non-party entities ostensibly either controlled by Mr. Blair or that maintain principal offices at Mr. Blair's Timonium residence, all of which appear to have a financial interest of some kind in the outcome of this litigation. Considering the broad sweep of the phrase "any financial interest whatsoever in the outcome of the litigation," which "includes a potential obligation of an insurance company[2] or other person to represent or to indemnify any party to the case," there is no conceivable scenario wherein the Disclosure Statement as filed represents a good faith effort to conform to the disclosure requirements of L.R.103.3[3].

**b. Blair Medical, LLC Has Only Existed for One Year in its Present Form, and Did Not Exist at All for Most of the Time Period Relevant to the Complaint.**

While the Disclosure states plainly that "Defendant's sole member is Blair Medical, LLC," public records indicate that this is statement is, at best, incomplete to the point of inaccuracy, as Blair Medical has existed across at least four separate iterations and registrations since 2009, and has only existed in its present form since June 2021. SDAT Business Entity search results for "Blair Medical" yield four separate business registrations, two of which are active. The first is Blair Medical, Inc. (SDAT ID

---

[2] A retail business as expansive as Blair Wellness Center certainly has insurance coverage of some kind, and such coverage would likely stand anathema to the personal property interest required to uphold Defendants' counterclaim for conversion.

[3] Plaintiff's Counsel reached out to Defendants' Counsel on June 5, 2022, requesting an amended disclosure statement. Opposing Counsel replied nine days later that they saw no issue with the disclosure statement as filed.

#D12919619), the former name of Blair Pharmacy, Inc[4]. The second result is "Blair Medical, LLC" (SDAT ID #W13381223), ostensibly in operation from 2010-2012. Subsequently, "Blair Medical [sic]LLC" (SDAT ID #W17986738) was organized May 5, 2017 but subsequently forfeited its registration October 16, 2020. "Blair Medical, LLC" (SDAT ID #W21900410) was organized June 18, 2021, and is already out of good standing with the State. All to say, there was no Blair Medical, LLC in existence whatsoever from October 16, 2020 until June 18, 2021; and technically speaking, from 2012 until 2021, there was no "Blair Medical, LLC" as stylized on the corporate structure chart Blair Wellness provided to the Commission. By all indications, Blair Wellness Center operated for more than eight months—virtually the entire time period relevant to Plaintiff's claims—as what essentially amounts to a "zero member LLC;" which is to say Blair Medical continued operations with no authority to conduct business in the State, use the name Blair Medical, or receive the personal liability protections typically afforded the members of an LLC.

## CONCLUSION

For the foregoing reasons, Plaintiff Jones respectfully prays this Court **DENY** Defendants' Motion for Leave to Amend; **DISREGARD** any arguments by Defendants

---

[4] Incorporated in February 2009 by Matthew Blair, and forfeited in October 2018, Blair Pharmacy, Inc. (f/k/a Blair Compounding Pharmacy, Inc.; f/k/a Blair Medical, Inc.) was revived June 1, 2020 by Matthew Blair as the last acting President and resident agent. Blair Pharmacy, Inc. is relevant here because each receipt Defendants provided to the police as evidence of theft shows the point-of-sale transaction being "collected at Blair Pharmacy, Inc.," indicating that Mr. Blair is processing the credit card transactions for Blair Wellness through his fraudulent Timonium pharmacy. Information regarding the affiliation between Blair Wellness and Blair Pharmacy certainly warrants a fair degree of scrutiny.

not raised in their Opposition (ECF No. 40) or any timely amendment thereto; and **GRANT** any such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Lindsey Parker
Lindsey J. Parker (Bar No. 21776)
725 Ponca Street
Baltimore, MD 21224
(443) 345-8388 *direct*
(443) 335-8258 *fax*
Lindsey.parker@pm.me
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, on this 11th day of July, 2022, a copy of the foregoing Reply to Defendants' Opposition and Motion for Leave to File First Amended Answer was electronically filed via CM/ECF and served on all counsel of record.

/s/ Lindsey Parker
Lindsey J. Parker
