# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

July 14, 2022

TO COUNSEL OF RECORD

Re: *Jones v. Blair Wellness Center, LLC et al.*, Civil No. ADC-21-2606

Dear Counsel:

Pending before the Court are (1) Plaintiff's Motion to Strike or, in the Alternative, Motion to Dismiss (ECF No. 39) Defendants Blair Wellness Center, LLC ("Blair Wellness") and Matthew Edward Blair's Counterclaim (ECF No. 38), and (2) Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 41). Defendants also requested leave to file the First Amended Answer, Affirmative Defenses, and Counterclaim. ECF No. 40. In total, Defendants filed two responses in opposition to ECF No. 39, and one response in opposition to ECF No. 41. ECF Nos. 40, 42, 43. Plaintiff then replied. ECF No. 46. After considering the present Motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 41) is GRANTED, and all remaining Motions (ECF Nos. 39, 40) are accordingly DENIED AS MOOT.

The pending Motions and opposition briefs have made for a convoluted docket. In relevant part, on May 12, 2022, I granted a motion for reconsideration and dismissed Counts I and II of Plaintiff's Complaint against Blair Wellness and Mr. Blair. ECF Nos. 29, 34. I stated: "the Court will permit Plaintiff leave to amend her Complaint in light of the apparent confusion of the parties and the employment relationship between the various entities." ECF No. 29 at 3. On June 2, 2022, a month after Defendants filed their Answer, Defendants then filed a Counterclaim. ECF No. 38. Plaintiff moved to strike the Counterclaim, or in the alternative, to have the Counterclaim dismissed for failure to state a claim. ECF No. 39. Plaintiff asserts that Defendants waived pursuit of their Counterclaim because they failed to include it in their Answer and because they failed to state a plausible claim. ECF No. 39-5 at 3–11. On June 27, 2022, Plaintiff then filed a Motion for Leave to File First Amended Complaint.[1] ECF No. 41. Defendants oppose Plaintiff's Motion, arguing that the claims are time-barred, and therefore futile, and that the First Amended Complaint is brought in bad faith as an untimely opposition to Defendants' Motion for Reconsideration (ECF No. 31). ECF No. 43 at 6–16.

A motion to amend is brought pursuant to Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) states that where a party may not amend as a matter of course, it may amend "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The United States Court of Appeals for the

---

[1] Plaintiff asserts that this Court failed to identify that Plaintiff had previously contested "Defendant's proffered administrative services agreement." ECF No. 41-1 at 3 n.2. However, Plaintiff's reading of this Court's Order is incorrect. The Court did not rely on the Administrative Services Agreement in its prior Order; it instead referred explicitly to Plaintiff's Offer of Employment from Blair Management. ECF No. 34 at 3.

Jones v. Blair Wellness Center, LLC et al., Civil No. ADC-21-2606
July 14, 2022
Page 2

Fourth Circuit has explained: "To that end, we have said that district courts should 'liberally allow amendment,' and deny such leave only in cases of 'prejudice, bad faith, or futility.'" *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (citations omitted). While "futility" traditionally refers to a proposed amendment that was "clearly insufficient or frivolous on its face," the Court *may* deny leave to amend as futile "if the complaint fails to withstand Rule 12(b)(6) scrutiny." *Id.* "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (explaining that a prejudicial amendment may be one that "raises a new legal theory that would require the gathering and analysis of facts not already considered" by a defendant shortly before or during trial).

The Motions before the Court are intertwined yet raise distinct arguments. Importantly, if the Court granted Plaintiff leave to file the First Amended Complaint, Defendants would then file an Answer to the First Amended Complaint and may include their Amended Counterclaim. I already Ordered (ECF No. 34) that Plaintiff was permitted to amend her Complaint and accordingly grant Plaintiff leave to file the First Amended Complaint. Amendment is not prejudicial here where Plaintiff brought the Motion pursuant to the Scheduling Order deadline, discovery has only just started, and Plaintiff asserts similar claims that arise out of the same underlying allegations against parties either already in this action or a party whose sole member is already a defendant. *See* ECF No. 24-2, 35, 40, 41-2. Nor is the First Amended Complaint frivolous on its face; it is centered on alleged employment discrimination that concerns multiple entities with similar names that were related to Plaintiff's employment.

After the First Amended Complaint is filed, Defendants may raise any defenses in a proper Rule 12 motion. Moreover, Defendants may file an Answer to the Amended Complaint that includes their Amended Counterclaim. Similarly then, Plaintiff may raise any defenses to Defendants' Amended Counterclaim in a proper Rule 12 motion. Parties are instructed to file and respond to future motions according to Local Rule 105. The non-moving party may file a memorandum in opposition, and the moving party may then file a reply memorandum. Loc.R. 105.2 (D.Md. 2021). Parties should not file multiple memoranda in opposition or in reply without leave from the Court.

For the reasons stated herein, Plaintiff's Motion for Leave to File the First Amended Complaint (ECF No. 41) is GRANTED. All remaining Motions (ECF Nos. 39, 40) are accordingly DENIED AS MOOT. Despite its informal nature, this is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge