IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| KAMILLE D. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:21-cv-02606-ADC |
| ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KAMILLE D. JONES ) | |
| ) | |
| Counter-Defendant. ) | |
| _____ ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants Blair Wellness Center, LLC, Matthew Edward Blair and Blair Management, LLC (collectively "Defendants"), pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, submit this Reply to Plaintiff's Opposition to Defendants' Partial Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Plaintiff's Opposition") (ECF No. 55).

**I. INTRODUCTION**

Plaintiff's Opposition contends without citation to evidence or legal authority that Blair Wellness Center, LLC ("Blair Wellness") and Matthew Edward Blair ("Mr. Blair") are employers under Title VII because of various non-delegable duties of Maryland medical cannabis

dispensaries, or alternatively, because of their status as "joint employers[,]" members of an "integrated enterprise" or the "alter ego" of Plaintiff's true employer. Plaintiff further argues that her time-barred claims against Blair Management, LLC ("Blair Management") are saved by the "relation back" doctrine, and her failure to cite admissible evidence in the Opposition should be excused for lack of discovery.

As set forth below, Plaintiff's arguments concerning Blair Wellness and Mr. Blair are based entirely on unsupported pronouncements of law, incorrect speculation and extraneous assertions of fact having no relation to her various theories of liability. Moreover, Plaintiff provides no admissible evidence to rebut the facts set forth in Defendant's Partial Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Defendant's Motion"), establishing that Plaintiff could not have been mistaken as to the identity of her employer when filing her Complaint—a necessary predicate for application of the relation back doctrine. Finally, Plaintiff's assertion that she needs additional discovery to oppose Defendant's Motion is without merit, as discovery has been ongoing in this case for more than three months and Plaintiff has been aware of Defendants' position regarding her employer under Title VII since the outset of this litigation and even prior thereto. Defendants therefore respectfully request that Counts One and Two of the Amended Complaint be dismissed with prejudice as to all Defendants.

## II. ARGUMENT

### A. Plaintiff's Various Theories of Liability Against Mr. Blair and Blair Wellness are Based on Unsupported Pronouncements of Law, Incorrect Speculation and Extraneous Factual Averments

*i. Plaintiff's unsupported pronouncements of the legal obligations of a Maryland medical cannabis dispensary do not create a material factual dispute or cure the deficiencies in Plaintiff's Amended Complaint.*

Plaintiff's Opposition first asserts that Blair Wellness must be an employer under Title VII because of various unspecified statutory and "non-delegable" duties under Maryland Law. Plaintiff's Opposition at p. 5. For example, Plaintiff argues that "[i]t is the non-delegable duty of the licensed dispensary to maintain standard operating procedures, register and train dispensary agents, maintain required records, and to otherwise comply with applicable laws and regulations." Plaintiff's Opposition at p. 5. Plaintiff then asserts that Blair Wellness referred to Plaintiff and others as "employees" in its 2021"Annual Report on Minority and Women Owners and Employees" to the Maryland Medical Cannabis Commission ("MMCC"). Plaintiff's Opposition at pp. 6-7. As demonstrated below, both points are unsupported by admissible evidence and contradicted by later assertions in Plaintiff's own Opposition.

Concerning the former argument about obligations of Blair Wellness, Plaintiff does not cite to any legal authority to provide the details of these supposed "non-delegable" duties. Indeed, Plaintiff makes similar pronouncements of law in her Amended Complaint, which the Court is not bound to accept as true in ruling on the present motion. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). Furthermore, Plaintiff's Opposition later recognizes that a licensed cannabis dispensary "may enter into a management services agreement to confer

3

operational control <u>on another company</u>." Opposition at p. 13 (citing COMAR 10.62.01.23) (emphasis added). Here, the undisputed facts asserted in Mr. Blair's Declaration establish that Blair Wellness entered in to such an agreement with Blair Management, <u>and</u> that Blair Management, rather than Blair Wellness, has controlled all personnel matters since execution of this agreement. *See* ECF No. 52-1 at ¶ 3, and Exhibit A attached thereto. Plaintiff further recognizes that "control" is the "principal guidepost" in deciding which of two entities is an employer under the common law agency analysis under Title VII. Plaintiff's Opposition at p. 8 (citing *Butler v. Drive Auto. Indus. Of Am.*, 793 F.3d 404, 415 (4th Cir. 2015)). Thus, Plaintiff's vague assertions of legal duties does not undermine Defendants' position that Plaintiff was never employed by Blair Wellness, and that Blair Management in-fact controlled Plaintiff's employment at all times pursuant to the Administrative Services Agreement ("ASA") attached to Mr. Blair's Declaration.

Plaintiff's latter assertion that Blair Wellness has held Plaintiff out as an employee is equally without merit. As a preliminary matter, Plaintiff ignores the fundamental tenet of Rule 56(c) in purporting to quote from Blair Wellness' "Annual Report on Minority and Women Owners and Employees" without authenticating this report or even attaching it to her Opposition. *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) ("It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment"). Even assuming, *arguendo*, that Plaintiff's characterization of the report is accurate, it does not rebut the undisputed evidence that Blair Management <u>controlled</u> all personnel matters at the dispensary pursuant to the ASA. *See* ECF No. 52-1 at ¶ 3, 5. Again, Plaintiff's own Opposition explains that "for [Maryland Medical Cannabis Commission ("MMCC")] annual verification and reporting purposes, 'employee' refers to any individual associated with the dispensary." Opposition at p. 6.

4

Of course, whether Plaintiff was "associated with" Blair Wellness and whether Plaintiff was "employed" or controlled by Blair Wellness under Title VII are two very different questions. Plaintiff concedes that the annual report need only count individuals who fall into the former category. Thus, Plaintiff's unsupported characterization of this report does not create a material factual dispute or save the Amended Complaint's failure to allege <u>facts</u> establishing an employment relationship with Blair Wellness.[1]

> ii. *Plaintiff does not cite to admissible evidence or specific factual averments implying a joint employer relationship between Blair Management, Blair Wellness and Mr. Blair.*

Plaintiff's Opposition next includes a lengthy recitation of the factors used to analyze whether two or more entities are joint employers under Title VII, as set forth in the Fourth Circuit's decision in *Butler*. Plaintiff's Opposition at pp. 7-9. However, Plaintiff fails to cite to any specific facts or evidence to satisfy the test for joint employment under Title VII. *See Erbe v. Campbell*, No. CV GLR-20-3266, 2021 WL 1890610, at *5 (D. Md. May 11, 202) (ruling that threadbare assertions that a purported joint employer "directed, supervised and/or evaluated Plaintiff's work and her professional opportunities[]" were "precisely the sort of unsupported and conclusory factual assertion that the Court must reject at the motion-to-dismiss stage."). Rather, Plaintiff concludes without any support or citation that:

---

[1] Plaintiff also points out that Blair Wellness has characterized Plaintiff and others as "employees" in its Position Statement submitted to the EEOC, as well as in a social media post about Plaintiff's theft of product. Opposition at p. 7. However, Blair Wellness' Position Statement merely observed that Plaintiff <u>worked at</u> the cannabis dispensary located at 5806 York Road, Baltimore, MD 21212, while specifically pointing out that Plaintiff was not <u>employed by</u> Blair Wellness: "Ms. Kamille Jones was hired by Blair Management, reported to other Blair Management employees and was paid her salary by Blair Management. In short, Ms. Jones has filed her complaint against the wrong entity[.]" *See* ECF No. 52-1 at ¶ 16, and Exhibit E attached thereto. The social media post attached to Plaintiff's Amended Complaint as Exhibit D also refers to Plaintiff and others as "employees" without any admission or statement that they were "employees" of Blair Wellness. *See* ECF No. 48-5.

> Blair Wellness holds statutory control over the entire cannabis retail operation, is required to train its agents, and is responsible for the maintenance of employee records; Blair Management holds contractually-delegated control over the day-to-day operations of the business, providing payroll and administrative services in support of Blair Wellness's cannabusiness operations; and Matthew Blair exerts actual control, unilaterally controlling employee hiring and terminations, payroll, and employee discipline.

Opposition at p. 10. In stark contrast to Plaintiff's unsupported and conclusory assertions of "control," Mr. Blair's Declaration and supporting exhibits provide facts relevant to each of the factors discussed in *Butler*, establishing that Plaintiff was solely employed by Blair Management.

Specially, concerning the first factor of "authority to hire and fire the individual[,]" Mr. Blair's Declaration – attaching the ASA and the Offer Letter signed by Plaintiff – established that Plaintiff received an offer of employment from Blair Management (and was subject to Blair Management's personnel policies); that the ASA obligated Blair Management to "hire … and/or terminate" staff such as Plaintiff; and that Blair Wellness has never performed any such functions. *See* ECF No. 52-1 at ¶¶ 6-8 and 12, and Exhibits A and B attached thereto *See* ECF No. 52-1 at ¶ 6, and Exhibits A and B attached thereto. Concerning factors two, three, and four – "day-to-day" supervision, "furnish[ing] the equipment used and place of work" and "responsibility over… employment records" – Mr. Blair's Declaration confirms that Plaintiff was supervised exclusively by members of the Management Committee for Blair Management. *See* ECF No. 52-1 at ¶¶ 9-10. Moreover, the ASA demonstrates that Blair Management was responsible for the provision of "furniture, fixtures and equipment" for operation of the dispensary, and Mr. Blair's Declaration and supporting payroll records reveal that Blair Management remained responsible for all employment records, including payroll, tax documents, and employment policies. ECF No. 52-1 at ¶¶ 6, and Exhibits C and D attached thereto. Concerning the only other applicable factor – "whether the putative employer provides the individual with formal or informal training" – Mr.

Blair's Declaration and the ASA demonstrate that Blair Management, not Blair Wellness, was responsible for training Plaintiff and other employees, and that Plaintiff was in fact trained by members of the Management Committee for Blair Management. ECF No. 52-1 at ¶ 10, and Exhibit A attached thereto.[2]  As such, Plaintiff's reliance on the joint employer doctrine should be rejected as unsupported.[3]

> iii.   *Plaintiff's alter ego or integrated enterprise theories are based entirely on extraneous speculation.*

Like her discussion of the joint employer doctrine, Plaintiff engages in a lengthy recitation of the law on piercing the corporate veil and integrated enterprise theories of liability. Opposition at pp. 11-13.  However, Plaintiff's recitation of the law on piercing the corporate veil and the integrated enterprise doctrine does not include any discussion of Title VII, and for good reason.  In the context of Title VII actions, Courts have observed that piercing the corporate veil

---

[2] Notably, the only specific factual averment in Plaintiff's Opposition regarding the *Butler* factors is plainly false.  In particular, Plaintiff contends that the Maryland SDAT records reveal that the dispensary premises are owned or controlled by Mr. Blair, but again fails to attach such records to her Opposition.  Opposition at p. 12.  Not surprisingly, the SDAT records demonstrate that Blair Commercial Properties, LLC has owned the property since 2017 and has maintained its ownership interest at all times relevant to the present suit.  *See* Declaration of Matthew Blair, attached hereto as Exhibit 1 at ¶ 2, and SDAT records, attached thereto as Exhibit A.  Moreover, Blair Commercial Properties, LLC has leased the dispensary premises to Blair Management pursuant to a Commercial Lease Agreement since August 1, 2017, thereby again confirming that Blair Management – not Blair Wellness – controlled Plaintiff's "place of work" as is discussed as a relevant factor under *Butler*.  *See* Exhibit 1 at ¶ 3, and Commercial Lease Agreement, attached thereto as Exhibit B.

[3] Plaintiff's only remaining arguments regarding Mr. Blair – that he "committed the acts underlying Plaintiff's Complaint" and "functions as an employer" – are also unsupported by citations to record evidence or specific factual averments in the Amended Complaint.  Moreover, while Defendants do not dispute that Mr. Blair was involved in the personnel actions referenced in the Amended Complaint, that alone does not establish Mr. Blair's individual liability as an "employer" under Title VII.  Otherwise, the general rule against individual liability for supervisors, managers, and owners would be undone, as such persons are necessarily involved in and responsible for the personnel actions that form the basis of a Title VII action.  *See* Defendant's Motion at pp. 12-15 (discussing case law rejecting individual liability under Title VII).

and imposing liability on a shareholder is only appropriate where "(1) the shareholder dominates and controls the organization <u>and</u> (2) imposing such liability is needed to avoid injustice[,]" such as fraud. *Mayes v. Moore*, 419 F.Supp.2d 775, 781 (M.D. N.C .2006). The Fourth Circuit has further observed that the integrated enterprise doctrine is used to determine whether "<u>a parent company and its subsidiary</u> can be considered a single employer for purposes of Title VII liability[,]" which is not remotely at issue in the case at bar. *Butler*, 793 F.3d at n. 3 (emphasis added); *Takacs v. Fiore*, 473 F. Supp. 2d 647, 656 (D. Md. 2007) (observing that "[i]ntegration is usually found between a parent and a subsidiary, and even then 'only in extraordinary circumstances.'").

Furthermore, even assuming, *arguendo*, that either theory could apply here, Plaintiff entirely omits any citation to specific factual averments or record evidence to satisfy these doctrines. First, Plaintiff claims that Elvira Blair's ("Mrs. Blair") control over Blair Wellness – "by way of Blair Medical, LLC" – "is in appearance only, while Blair Management, LLC, is merely the disguised continuance of Mr. Blair's ownership of and control over Blair Wellness Center." Opposition at p. 13. Yet, there is nothing "disguised" about Blair Management's operation or control of the dispensary, as Mr. Blair has provided specific factual details about Blair Management's performance of all personnel and employment functions pursuant to an ASA between Blair Management and Blair Wellness. *See* ECF No. 52-1 and Exhibit A attached thereto. As specifically pointed out by Mr. Blair in his Declaration, there is no common ownership or centralized control of labor relations between Blair Management and Blair Wellness, and all labor relations functions are performed by Blair Management – rather than Blair Wellness – pursuant to the ASA. *See* ECF No. 52-1 at ¶¶6-8, and Exhibit A attached thereto; *see also Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 602 (D. Md. 2014) ("The integrated-employer test involves

four elements: "(1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control.").

Plaintiff next falsely speculates that Mr. Blair has improperly sought to distance himself from the ownership of Blair Wellness because he was "facing multiple Federal felony charges potentially jeopardizing his dispensary license" and therefore "install[ed] his spouse as the owner-apparent of Blair Wellness[.]" Plaintiff's Opposition at pp. 13-14; *but see Neal v. United States*, No. CV ELH-19-1033, 2022 WL 1155903, at *29 (D. Md. Apr. 19, 2022) ("'Unsupported speculation is not sufficient to defeat a summary judgment motion.'"). However, Blair Management and Blair Wellness entered into the ASA on January 1, 2018, and Blair Medical, LLC – the sole member of Blair Wellness – sought approval from the MMCC to transfer all ownership interests from Mr. Blair to Mrs. Blair on September 15, 2018. *See* ECF No. 52-1 and Exhibit A attached thereto; Exhibit 1 at ¶ 4. Mr. Blair notably was not indicted for criminal charges until August 29, 2019; eight months <u>after</u> the transfer of ownership interests in Blair Medical, LLC became effective on January 15, 2019.[4] Exhibit 1 at ¶ 10. Thus, <u>Mr. Blair was not facing any</u>

---

[4] While Blair Medical, LLC's original request to transfer ownership was denied by the MMCC on September 26, 2018, a revised request with further clarification was submitted on October 10, 2018. *See* Exhibit 1 at ¶¶ 5-6 , and Revised Request to Transfer Ownership, attached thereto as Exhibit C. At the time, the MMCC regulations regarding transfer of ownership (which have since been revised) provided that a request to transfer ownership was approved if, *inter alia*, the MMCC "does not object to the transfer or assignment within 45 days of its receipt of notice[.]" *See* Exhibit 1 at ¶ 7, and prior version of COMAR 10.62.19.07, attached thereto as Exhibit D. The MMCC did not object to the revised request to transfer ownership within 45 days, and rather cashed the check submitted with Blair Medical, LLC's transfer request on January 15, 2019. *See* Exhibit 1 at ¶ 8.
   Given Plaintiff's insistence on needlessly raising Mr. Blair's criminal proceeding in the present case, it should be noted that all charges against Mr. Blair – with the exception of one count concerning payment of commissions to an independent contractor engaged by Blair Pharmacy, Inc. – were terminated by the Federal Government. Exhibit 1 at ¶ 11. Mr. Blair has pled guilty to the single remaining count, which has no bearing on Mr. Blair's ability to participate in business regulated by the MMCC and is subject to collateral challenge on constitutional free speech and equal protection grounds. Exhibit 1 at ¶ 12.

criminal charges when Mrs. Blair took control of Blair Medical, LLC, and the contention that Mr. Blair entered into the ASA and/or "installed" his spouse as owner because of pending criminal charges is again a baseless attempt to impugn Mr. Blair's character.[5]

Plaintiff next asserts that "Mr. Blair has continually and consistently held himself out publicly online and elsewhere as the owner or 'founder' of Blair Wellness Center." Opposition at p. 14. Yet again, however, Plaintiff fails to explain how this fact is relevant to an alter-ego or integrated enterprise theory liability. Moreover, Mr. Blair was indeed the sole member of Blair Medical, LLC (which is in turn the sole member of Blair Wellness) until January of 2019, and is currently the sole member of Blair Management, which operates the medical cannabis dispensary. Thus, Mr. Blair accurately held himself out as the founder or owner of Blair Wellness Center on social media, and his failure to alter said title when his spouse took control of Blair Medical, LLC is frankly irrelevant. Indeed, Mr. Blair's online profile does not disturb the undisputed facts that both Blair Wellness and Blair Management have had separate ownership at all times during Plaintiff's employment, that all managers of the dispensary are employed exclusively by Blair Management, and that these same managers were exclusively responsible for personnel actions concerning Plaintiff and other employees. See ECF No. 52-1; Jarvis v. Chimes, Inc., No. CIV.A. RDB-06-1197, 2008 WL 623402, at *6 (D. Md. Mar. 4, 2008) (observing that the third factor – centralized control of labor relations – is the most important in the integrated enterprise analysis). Mr. Blair's social media profile also has no bearing on the fact that Plaintiff signed an offer of

---

[5] Plaintiff further contends that Mrs. Blair does not have an agent badge for the dispensary, meaning she would be required to wear a visitor lanyard and be supervised at all times while on the dispensary premises. Plaintiff's Opposition at pp. 14-15. Yet, Mrs. Blair does indeed have an agent badge for the dispensary, directly contrary to Plaintiff's conjecture. Exhibit 1 at ¶ 13, and copy of Elvira Blair Agent Badge, attached thereto as Exhibit E (Mrs. Blair's agent badge was obtained in her maiden name, "Torinese").

employment with Blair Management, which caused this Court to dismiss Blair Wellness and Mr. Blair from Plaintiff's Title VII action once before. *See* ECF No. 52-1 at ¶ 8, and Exhibits B attached thereto.

Plaintiff next argues that Blair Medical, LLC was not "in existence whatsoever for the majority of time underlying the Complaint" because the registration for this LLC was forfeited in May of 2017. Opposition at p. 15. Plaintiff is again clearly mistaken. Blair Medical, LLC's charter was forfeited in October, 2020 for failure to file its personal property tax return in the midst of the Covid-19 pandemic, but this did not render Blair Medical, LLC a "non-entity." *7222 Ambassador Rd., LLC v. Nat'l Ctr. on Institutions & Alternatives, Inc.*, 470 Md. 66, 76, 233 A.3d 124, 130 (2020) ("[F]orfeiture of the right to do business does not render an LLC a complete non-entity."). Exhibit 1 at ¶ 14, and Assignment of Assets between Elvira Blair and Blair Medical, LLC, attached thereto as Exhibit F. Furthermore, to ensure "compliance with the organizational structure and ownership represented to the [MMCC] with respect to [Blair Wellness,]" a new "Blair Medical, LLC" was formed under Maryland law in June of 2021. Exhibit 1 at ¶ 14, and Exhibit F, attached thereto. Mrs. Blair simultaneously executed an assignment of her ownership interests in Blair Wellness – which was transferred to her from the old Blair Medical, LLC (Maryland SDAT No. W17086738) following the forfeiture – to the newly formed Blair Medical, LLC (Maryland SDAT No. W21900410) on June 1, 2021. Exhibit 1 at ¶ 14 and Exhibit F, attached thereto. Finally, directly contrary to Plaintiff's assertion, the newly formed Blair Medical, LLC is in good standing as of this filing. Exhibit 1 at ¶ 15 and Certificate of Good Standing for Blair Medical, LLC, attached thereto as Exhibit G. Thus, to the extent the standing of Blair Medical, LLC is relevant to Plaintiff's claims against Blair Wellness, Blair Management and Mr. Blair – which it is not – Plaintiff is again simply incorrect.

Plaintiff finally argues in favor of her alter ego or integrated enterprise theories of liability by citing to two cases where the Maryland Court of Special Appeals "considered claims against individuals for violations of Maryland labor and employment laws, even though the individuals had sought to limit their exposure by forming limited liability companies." Opposition at p. 15 (citing *Pinnacle Grp., LLC v. Kelly*, 235 Md. App. 436, 445 (2018), and *Campusano v. Lusitano Cont. LLC*, 208 Md. App. 29, 32-33, 56 A.3d 303 (2012)). However, in both cases, the "labor and employment law" at issue was Maryland's Wage Payment Collection Law, which defines "employ" in a broad manner as "allowing an individual to work[,]" much like the Federal Fair Labor Standards Act ("FLSA"). *Pinnacle Grp*., LLC, 235 Md. App. at 472 (citing § 3-101(c) of the Md. Code, Lab. & Empl. Article); 29 U.S.C. 203(g). The Supreme Court has observed that this definition is substantially broader than the common law agency principles applied in Title VII matters. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992). Consequently, the Fourth Circuit has observed that the "economic realities test" applied in *Pinnacle*, *Campusano* and federal wage and hour cases is "not particularly transferrable to Title VII cases." *Butler*, 793 F.3d at 412. Moreover, unlike Title VII, there is no long-standing rule against individual liability under the Maryland and Federal wage and hour laws, and this Court has allowed suit against individuals "with managerial responsibilities and substantial control of the terms and conditions" of employment. *Avila v. Caring Hearts & Hands Assisted Living & Elder Care*, LLC, No. CV TDC-15-3943, 2016 WL 4083365, at *3 (D. Md. Aug. 1, 2016). This is not the rule under Title VII, and Plaintiff's reliance on wage and hour case law is therefore inapposite.

**B. Plaintiff was undisputedly aware that she was employed by Blair Management when filing her Complaint, thereby precluding application of the relation back doctrine.**

Plaintiff does not dispute the evidence submitted with Defendant's Motion, establishing that Plaintiff was aware that she was employed by Blair Management when she filed her Complaint in October of 2021. Plaintiff rather cites to *Butler* for the proposition that "failure to appreciate an entity as an employer should not be dispositive" and that the "intent of the parties" should be considered in application of the relation back doctrine. Opposition at p. 16. Plaintiff then states without support that her confusion about the parties and "'incorrectly' nam[ing] Blair Wellness" in her EEOC charge does not preclude her from joining "Blair Management at this juncture." Opposition at pp. 16-17. Plaintiff's argument misses the mark.

As a preliminary matter, Defendants do not dispute Plaintiff's characterization of *Butler*. Furthermore, whether Plaintiff made a mistake in failing to name Blair Management <u>in her EEOC Charge</u> is irrelevant to Defendants' limitations argument. Defendants' argument is rather predicated on the undisputed fact that Plaintiff was informed, via Blair Wellness's Position Statement in response to Plaintiff's EEOC Charge on March 10, 2021, that she was employed by Blair Management and not Blair Wellness. *See* ECF No. 52-1 at ¶16, and Exhibit E attached thereto. <u>Plaintiff does not provide any evidence to dispute that she was on notice of her employer as the result of this Position Statement</u>, which she has produced in discovery in this litigation. Plaintiff's characterization of herself as an "unrepresented layperson" further ignores that she obtained legal representation shortly after she received Blair Wellness' Position Statement, as her current attorney sent a "cease and desist" letter to Mr. Blair on June 2, 2021. Exhibit 1 at ¶ 16 and Cease and Desist Letter, attached thereto as Exhibit H. More importantly, Plaintiff also does not provide any admissible evidence that, when filing this lawsuit with the assistance of counsel in October of 2021, she was confused about the identity of her employer.

13

Plaintiff's intent and whether there was a "mistake concerning identity" <u>when filing the present lawsuit</u> is what triggers the relation back doctrine. *See Schiavone v. Fortune*, 477 U.S. 21, 29-30 (1986).  Plaintiff fails to dispute the evidence provided in support of Defendant's Motion that there could be no confusion or misunderstanding when this suit was filed.  As a result, the evidence cited in Defendant's Motion should be treated as undisputed under Rule 56(e), and there can be no "relation back" of Plaintiff's addition of Blair Wellness via the Amended Complaint.

**C. Plaintiff has had ample opportunity for discovery.**

Plaintiff finally frivolously argues that summary judgement remains "premature" because she has not had any opportunity to "marshal evidence against Blair Management" or against Defendants "yet-unknown counterclaims." Opposition at p. 17.  Yet, Defendants' counterclaims – which have been known to Plaintiff for some time – have no bearing on Defendant's Motion. Further, Defendants have maintained that Plaintiff was not employed by Blair Wellness or Mr. Blair since the outset of this litigation, and discovery has been open since the Court issued the Scheduling Order more than three months ago on May 12, 2022.  Thus, Plaintiff has had the ability to take discovery concerning the arguments that form the basis of the present motion for some time.  Plaintiff also does not need discovery against Blair Management to oppose the arguments made in the present motion, as the only argument raised concerning Blair Management is that Plaintiff did not make a mistake in identity in filing her Complaint.  Surely, Plaintiff has access to all information and documents relevant to her own intent when filing suit.  Finally, Plaintiff has completely failed to comply with Rule 56(d), requiring that, in moving to defer a ruling on summary judgment, the non-moving party must "show[] by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition." Thus, Plaintiff's conclusory argument that "summary judgement remains premature" is without merit.

14

### III. CONCLUSION

For the forgoing reasons, Defendants respectfully requests that this Court dismiss with prejudice all Counts in Plaintiff's Amended Complaint against Blair Management, LLC, dismiss with prejudice Counts I and II against Mr. Blair and Blair Wellness Center, LLC, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/  Michael E. Blumenfeld*
Michael E. Blumenfeld ((Fed. Bar No. 25062)
Jeffrey T. Johnson (Fed. Bar No. 19876)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street, Suite 1600
Baltimore, MD 21201
Tel: 443-392-9402
Fax: 443-392-9499
Michael.Blumenfeld@nelsonmullins.com
Jeffrey.Johnson@nelsonmullins.com

***Attorneys for Defendants***

### INDEX OF EXHIBITS

| Exhibit Label | Description of Exhibit |
|---|---|
| 1 | Declaration of Matthew Blair |
| 1-A | SDAT Printout for 5806 York Road, Baltimore City, MD |
| 1-B | August 1, 2017 Commercial Lease Agreement between Blair Management and Blair Commercial Properties, LLC |
| 1-C | October 10, 2018, revised request to transfer ownership interests in Blair Medical, LLC |
| 1-D | COMAR 10.62.19.07 (since revised) |
| 1-E | Mrs. Blair's dispensary agent badge for Blair Wellness Center, LLC |
| 1-F | June 1, 2021 Assignment of Assets between Blair Medical, LLC and Mrs. Blair |
| 1-G | August 14, 2022 certificate of good standing for Blair Medical, LLC |
| 1-H | June 2, 2021 "Cease and Desist" Letter from Lindsey Parker, Esq. |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 25th day of August 2022, a copy of the foregoing Reply was served via the court's ECF system on:

Lindsey J. Parker, Esq.
725 Ponca Street
Baltimore, Maryland 21224

***Attorney for Plaintiff***

                                                  */s/Jeffrey T. Johnson*
                                                  Jeffrey T. Johnson, Esquire