IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| KAMILLE D. JONES | * |
| Plaintiff, | * |
| vs. | * Civil Case No. 1:21-cv-02606-ADC |
| BLAIR WELLNESS CENTER, *et al.* | * |
| Defendants. | * |
| | |
| BLAIR WELLNESS CENTER, *et al.* | * |
| Counter-Plaintiffs, | * |
| vs. | * |
| KAMILLE D. JONES | * |
| Counter-Defendant. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION REQUESTING THE ISSUANCE OF A DISCOVERY CONFIDENTIALITY ORDER**

Plaintiff and Counter-Defendant, Kamille D. Jones, hereby opposes the Motion Requesting the Issuance of a Discovery Confidentiality filed by Defendants Blair Wellness Center, LLC ("Blair Wellness"), Blair Management, LLC ("Blair Management"), and Matthew Blair (collectively, "Defendants), and states the following:

1. On August 25, 2022, Plaintiff propounded separate document requests upon each of the three Defendants.

2. On September 29, 2022 at 9:02 p.m., after Defendants' responses were past due, Defendants requested a week extension in providing their responses, and demanded Plaintiff agree to a Joint Stipulated Protective Order.[1]

3. Defense counsel's untimely, late night email was the first and only time any need for such a protective order was raised.

4. While Rule 26(c) "does not establish a time limit within which a party may move for a protective order, such motion must be 'seasonable,' meaning 'made prior to the date set for producing the discovery.' *D.J.'s Diamond Imps., LLC v. Brown*, No. WMN-11-2027, 2013 U.S. Dist. LEXIS 46730, at *9 n.5 (D. Md. Apr. 1, 2013); quoting *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991).

5. To date, not one document has been produced by any Defendant.

6. The burden is on the movant to demonstrate the need for a protective order, not on Plaintiff to provide "substantive explanation as to why a [s]tipulated [p]rotective [o]rder is inappropriate or would result in prejudice to Plaintiff." ECF No. 63 ¶11.

7. The Defendants have yet to demonstrate any substantive need for a protective order, as their motion is supported only by the vague notion that such order "is an appropriate protection for non-parties . . .." ECF No. 63 ¶10.

---

[1] Defendants previously requested, on the day their interrogatory responses were due, an extension until September 5, 2022, and Plaintiff granted the request. However, on September 5th, Defendants stated they would provide responses the next day, and then provided no responses at all until nearly a week thereafter without explanation.

8. Personnel and pay records are undoubtedly at issue and are critical to Plaintiff's employment discrimination case.

9. As Plaintiff has already propounded discovery responses without the benefit of Defendants' proposed confidentiality agreement, the resulting disparity in protection afforded by such a stipulation would be prejudicial.

10. Defense counsel filed the instant motion prior to holding a Local Rule 104.7 conference in contravention of this Court's Standing Order Concerning Discovery (ECF No. 35-2) requiring, *inter alia*, "a discussion between counsel, not an email exchange."

WHEREFORE, Plaintiff humbly requests that this Court DENY Defendants' joint request for a protective order, GRANT Plaintiff's Motion to Compel filed contemporaneously with this Opposition, and ORDER each Defendant produce the requested documentation within two weeks.

Respectfully Submitted,

/s/ Lindsey Parker
Lindsey J. Parker (Bar No. 21776)
725 Ponca Street
Baltimore, MD 21224
(443) 345-8388 *direct*
(443) 335-8258 *fax*
Lindsey.parker@pm.me
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, on this 17th day of October, 2022, a copy of the foregoing Opposition to Defendants' Request for Protective Order, was electronically filed via CM/ECF and served on all counsel of record.

/s/ Lindsey Parker
Lindsey J. Parker