**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| KAMILLE D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:21-cv-02606-ADC |
| | ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAMILLE D. JONES | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| _____ | ) | |

**DEFENDANTS'/COUNTER-PLAINTIFFS' RESPONSE TO**
**PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

Defendants/Counter-Plaintiffs Blair Wellness Center, LLC, Matthew Edward Blair and

Blair Management, LLC (collectively, "Defendants"), by and through their undersigned counsel,

hereby respond to Plaintiff's Motion to Extend Discovery (ECF No. 73) ("Plaintiff's Motion"),

and, in support thereof, state as follows:

1.      Plaintiff's Motion is yet another example of Plaintiff creating unnecessary conflict

where there should be consent or agreement amongst the parties.

2.      Most notably, Plaintiff falsely asserts that Defendants rejected her request for an

extension of the discovery deadline, which she claims to be due to vague assertions of deficiencies

in Defendant's written discovery responses.  Plaintiff's Motion at ¶ 9.

3.      In fact, Undersigned Counsel advised Plaintiff's Counsel on November 23, 2022, that Defendants " do not agree that an extension is made necessary by the timing or substance of defendant's responses to requests for production," but requested that Plaintiff "send a proposed motion [to extend discovery] and we will confer with our client to determine whether Defendants will agree."  *See* November 23, 2022 Email to Plaintiff's Counsel, attached hereto as **Exhibit A**. Plaintiffs' Counsel never sent a proposed motion, and rather filed the present contested motion.

4.      Moreover, Plaintiff makes numerous vague assertions about redactions or incompleteness in Defendant's written discovery responses, but has yet to engage in any meaningful discussion of alleged discovery deficiencies with Undersigned Counsel.  Plaintiff's Motion at ¶ 5.  Indeed, Undersigned Counsel responded in detail to Plaintiff's only email about deficiencies in Defendants' document production on November 23, 2022, and Plaintiff has not attempted to address any discovery deficiencies since that time.[1]  *See* Exhibit A.

5.      Notwithstanding, Plaintiff now misleadingly asserts that the present request for an extension of the discovery deadline is made necessary by Defendants' "delays as to, *inter alia*, identifying non-party and third-party witnesses, proposing and working out timely and reasonable deposition dates, timely and appropriately responding to documents production requests, and answering interrogatories."  Plaintiff's Motion at ¶ 3.

6.      As demonstrated below, the above assertion entirely distorts the procedural history in this case.  In fact, a more modest extension of the discovery deadline is necessary, but only because of Plaintiff's unfortunate refusal to cooperate in the discovery process.

---

[1] A prime of example of Plaintiff's bringing alleged discovery deficiencies to the Court without first addressing them with Defendants is her complaint about Defendant's production of communications with a public relations firm.  Plaintiff's Motion at n. 1.  Plaintiff has never addressed this issue with Undersigned Counsel, and raised it for the first time in Plaintiff's Motion.

7.      On September 15, 2022, the parties jointly moved to extend the discovery deadline to December 12, 2022, observing that "[t]he parties anticipate that they will be able to complete all necessary discovery, including depositions, by December 12, 2022, and will not request an additional extension of the discovery deadline absent unforeseen circumstances."  *See* ECF No. 61.

8.      The Court graciously granted this extension on September 22, 2022.  *See* ECF No. 62.

9.      Regretfully, on September 26, 2022 – four days after the extension of the discovery deadline was granted by the Court – Plaintiff unexpectedly and without justification opposed Defendants' request for issuance of the Court's form discovery confidentiality order posted on the Court's website, intended to facilitate the production of relevant documents under a "Confidential" designation.  *See* ECF No. 63 at ¶ 5, and Exhibit B attached thereto (ECF No. 63-2).

10.     This resulted in the parties unnecessarily expending time and resources between October 3, 2022 and October 24, 2022 to brief the issue of Defendants' entitlement to a routine "form" discovery confidentiality order.  *See* ECF No.'s 63, 65 and 69.

11.     In their briefing, Defendants established that a confidentiality order was necessary to protect "the private pay and disciplinary records of non-part[y]" employees given Plaintiff's requests for comparator evidence to support her claims under Title VII of the Civil Rights Act of 1964.  *See* ECF No. 63 at ¶¶ 4-5.

12.     Plaintiff's Opposition to Defendant's Motion did not rebut this assertion or otherwise provide any explanation as to how the requested form confidentiality order would result in prejudice to Plaintiff.  *See* ECF No. 65.

3

13.     Unfortunately, during the time that Defendants' Motion Requesting the Issuance of a Discovery Confidentiality Order was pending, Defendants advised Plaintiff that it would need to postpone the deposition of Plaintiff – previously scheduled for October 20 – because Defendants were unable to produce documents intended for use during Plaintiff's deposition without the necessary protections of a confidentiality order. *See* October 18, 2022 Email to Plaintiff's Counsel, attached hereto as **Exhibit B**.

14.     Plaintiff's Motion asserts that "Defendants made no mention of rescheduling for over a month" after Plaintiff's deposition was postponed.  Plaintiff's motion at ¶ 8.  Plaintiff's assertion could not be further from the truth.

15.     In the very email postponing Plaintiff's deposition, Undersigned Counsel requested that Plaintiff's Counsel provide some dates in early November of 2022 for Plaintiff to reschedule her deposition. *See* Exhibit B.  Plaintiff's Counsel simply ignored this email and to date still has not responded and still has not provided any deposition dates.

16.     On November 3, 2022, this Court granted Defendants' request for a Discovery Confidentiality Order, finding that "[I]t is clear to the Court that a Confidentiality Order proposed by Defendants is appropriate to protect the non-parties' information."[2] *See* ECF No. 70.

17.     Defendants thereafter completed their document production to Plaintiff, and, on November 18, 2022, again requested that Plaintiff's Counsel provide dates for the deposition of her client and to advise of any dates that counsel was unavailable for the depositions of the third-

---

[2] Plaintiff's frivolous litigation of the form confidentiality order posted on this Court's website has not ended with the Court's ruling. Plaintiff has since asked that the Court reconsider the issuance of its Confidentiality Order—again without any explanation as to how such an order has resulted in harm to Plaintiff. *See* ECF No. 72.

party witnesses <u>identified in Plaintiff's written discovery responses</u>.[3]  *See* November 18, 2022 Email to Plaintiff's Counsel, attached hereto as **Exhibit C**.  Although Plaintiff's Counsel responded to part of this email, she again ignored Undersigned Counsel's request for deposition dates.

18.     Consequently, on November 23, 2022, Undersigned Counsel advised Plaintiff's Counsel that Defendants would simply begin noting depositions on dates that are available for Defendants if Plaintiff did not respond with availability for depositions by Friday, November 25, 2022.  *See* Exhibit A.  Plaintiffs' Counsel once again failed to respond.

19.     Thus, on Monday, November 28, 2022, Defendant propounded deposition notices for three of the third-party witnesses identified by Plaintiff in her written discovery responses.

20.     Also, on Monday, November 28, 2022, Defendants requested that Plaintiff's Counsel advise whether she would accept service of a deposition notice for her client on December 12, 2022.  *See* November 28, 2022 Email to Plaintiff's Counsel, attached hereto as **Exhibit D**.

21.     On December 1, 2022, Plaintiff's Counsel responded with a lengthy email stating that Plaintiff and her Counsel could not attend a deposition on December 12, 2022, nor the third-party depositions noted by Defendant for December 8-9, 2022.  *See* December 1, 2022 Emails between Counsel attached hereto as **Exhibit E**.

22.     Undersigned Counsel responded on this same date by again requesting dates that are agreeable for Plaintiff and her Counsel.  *See* Exhibit E.

---

[3] Plaintiff absurdly complains that "Defendants have further refused to disclose the number of, much less the identities of, these intended non-party and/or third party deponents."  Plaintiff's Motion at ¶ 8.  However, Plaintiff identified each of the intended third-party deponents in her written discovery responses. Moreover, Undersigned Counsel's emails to Plaintiff's Counsel has specifically asked for Counsel's availability for the depositions of "the third-party witnesses identified by Ms. Jones."  *See* Exhibit C.

23.     Plaintiff's Counsel yet again failed to do so, apparently because it would "inconvenience" Plaintiff to provide her availability for her own deposition and the depositions of the witnesses identified in Plaintiff's written discovery responses.[4]

24.     As demonstrated above, Plaintiff's unexpected and continued meritless opposition to a <u>form confidentiality order</u> posted on this Court's website and subsequent refusal to cooperate with Undersigned Counsel in the scheduling of depositions (including Plaintiff) has substantially, unjustifiably, and unexpectedly delayed the taking of depositions in this matter.

25.     Defendants have had to take the unfortunate step of unilaterally noting depositions in light of these unexpected circumstances, but do not believe that they will have sufficient time to serve and depose Plaintiff and all of the third party witnesses identified in Plaintiff's written discovery responses before the December 12, 2022 discovery deadline.

26.     Defendants therefore request the Court's indulgence for a much more modest extension of the discovery deadline than that requested by Plaintiff to and including January 19, 2023, so that Defendants can complete the necessary discovery to support their claims and defenses in this matter.

27.     On November 28, 2022, Undersigned Counsel emailed Plaintiff's Counsel to determine whether Plaintiff would consent to the requested extension of discovery, but Plaintiff did not respond to this request and instead filed the present motion one day later on November 29, 2022.  *See* **Exhibit D**.

---

[4] Plaintiff also asserted in her December 1, 2022 email that "with at least two weeks notice, almost any date could be agreed upon."  However, Plaintiff's Counsel never stated as much in response to Undersigned Counsel's numerous requests for deposition dates between October 18, 2022 and November 28, 2022.

WHEREFORE, Defendants/Counter-Plaintiffs Blair Wellness Center, LLC, Matthew Edward Blair and Blair Management, LLC respectfully request that the Court enter the attached Order, extending the deadline for completion of discovery and submission of the post-discovery status report to and including January 19, 2023.

Date:  December 2, 2022                    Respectfully submitted,


/s/ Michael E. Blumenfeld
Michael E. Blumenfeld (Fed. Bar No. 25062)
Jeffrey T. Johnson (Fed. Bar No. 19876)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street, Suite 1600
Baltimore, MD 21201
Tel: 443-392-9402
Fax: 443-392-9499
Michael.Blumenfeld@nelsonmullins.com
Jeffrey.Johnson@nelsonmullins.com

***Counsel for Defendants/Counter-Plaintiffs***

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of December, 2022, a copy of the foregoing

**Response to Plaintiff's Motion to Extend Discovery and proposed Order** was served via the

Court's ECF system on:

> Lindsey J. Parker (Bar No. 21776)
> 725 Ponca Street
> Baltimore, MD 21224
> Tel: (443) 345-8388
> Fax: (443) 335-8258
> Lindsey.parker@pm.me
> ***Counsel for Plaintiff/Counter-Defendant***

                                   /s/Michael E. Blumenfeld
                                   Michael E. Blumenfeld