IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KAMILLE D. JONES | * | |
| Plaintiff, | * | Civil Case No. 1:21-cv-02606-ADC |
| vs. | * | |
| BLAIR WELLNESS CENTER, *et al*. | * | |
| Defendants. | * | |
|  | * | |

**PLAINTIFF'S SECOND MOTION TO QUASH
<u>NON-PARTY SUBPOENA AND STRIKE NOTICES OF DEPOSITION</u>**

Pursuant to Rules 27, 37, and 45 of the Federal Rules of Civil Procedure, Plaintiff Kamille Jones, by and through undersigned counsel, requests the expedited entry of an order quashing the non-party Subpoena and Notice of Deposition *Duces Tecum* and the Notice of Deposition of Plaintiff Kamille D. Jones reissued December 12, 2022 by Defendants, Blair Wellness Center, LLC ("Blair Wellness"), Blair Management, LLC ("Blair Management"), and Matthew Blair (collectively, "Defendants"), and canceling the depositions noted therein. In support of her Motion, Plaintiff states as follows:

1. Plaintiff filed her first Motion to Quash Non-Party Subpoenas and Strike Notices of Deposition in response to Defendants' failure to comply with any of the applicable Federal and Local Rules. ECF No. 77.[1]

---

[1] Plaintiff's first Motion to Quash (ECF No.77) is incorporated herein by reference.

2. This Court partially granted Plaintiff's Motion, and on December 9, 2022, ordered Defendants refile notices of depositions and schedule depositions in advance in accordance with the Local Rules. ECF No. 80.

3. On December 13, 2022, defense counsel emailed undersigned counsel copies of reissued notices that fail to meaningfully correct any of the failings necessitating Plaintiff's initial Motion to Quash, and that, in Plaintiff's case, somehow manage to give even less notice than the unreasonable notice complained of originally.

4. Considering that fourteen (14) days is considered reasonable notice for noting a deposition under the Local Rules, and that only eleven (11) days have passed since this Court ordered Defendants' schedule their depositions reasonably far in advance, clearly the December 21, 2022 10:00 am deposition Defendants noted for Plaintiff could never be reasonable under the circumstances.

5. Regrettably, the communication between the Parties' respective attorneys seems to have devolved into little more than unproductive bickering in increasingly hostile-toned emails.

6. In light of Defendants' prior scheduling gamesmanship, current refusal to comply with obvious procedural requirements, and flagrant disregard for this Court's order, Plaintiff requests this Court cancel the harassing depositions noted by Defendants.

**WHEREFORE**, Plaintiff Jones respectfully requests that this Court quash the deposition notices issued by Defendant Blair Wellness, cancel the depositions noted therein, award Plaintiff reasonable costs and fees associated with bringing this Motion, and grant Plaintiff any such other and further relief as this Court deems necessary.

Respectfully Submitted,

*Lindsey Parker*
_____
Lindsey J. Parker (Bar No. 21776)
725 Ponca Street
Baltimore, MD 21224
(443) 345-8388 *direct*
(443) 335-8258 *fax*
Lindsey.parker@pm.me
*Attorney for Plaintiff*

## LOCAL RULE 104.7 CERTIFICATION

I HEREBY CERTIFY that pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 104.7, I have made a good faith attempt to resolve the forgoing dispute without the necessity of court action, and have attached correspondence with opposing counsel in support thereof.

*Lindsey Parker*
Lindsey J. Parker

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, on December 20th, 2022, a copy of the foregoing Motion to Quash Non-Party Subpoenas and Strike Notices of Deposition was electronically filed via CM/ECF and served on all counsel of record.

Respectfully Submitted,

*Lindsey Parker*
Lindsey J. Parker