**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| KAMILLE D. JONES | * |  |
| Plaintiff, | * | Civil Case No.: 1:21-cv-02606-ADC |
| vs. | * |  |
| BLAIR WELLNESS CENTER, *et al*. | * |  |
| Defendants. | * |  |
|  | * |  |

**KAMILLE JONES'S REPLY TO COUNTER-COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

Plaintiff/Counterclaim defendant, Kamille D. Jones, by and through undersigned counsel, makes this Reply and Affirmative Defenses to the Answer and Counter-Complaint of Defendants/Counterclaimants Blair Wellness Center, LLC ("Blair Wellness"), Blair Management, LLC ("Blair Management"), and Matthew Blair (collectively, "Defendants"), and states  as follows:

**RESPONSE TO COUNTERCLAIMS**

1.       Paragraph 1 contains allegations to which no response is required. To the extent a response is required, Ms. Jones admits the allegations contained in Paragraph 1 of the Counter-Complaint.

2.       Paragraph 2 contains allegations to which no response is required. To the extent a response is required, Ms. Jones admits the allegations contained in Paragraph of the Counter-Complaint.

3.     Paragraph 3 contains allegations to which no response is required. To the extent a response is required, Ms. Jones is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Counter-Complaint.

4.     Paragraph 4 contains allegations to which no response is required. To the extent a response is required, Ms. Jones admits she is a resident of Baltimore County, and denies the remaining allegations contained in Paragraph 4 of the Counter-Complaint

5.     Ms. Jones admits that from approximately October 19, 2019 to November 4, 2020 she was employed in the capacity of patient advisor and subsequently as an assistant inventory manager. Ms. Jones is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Counter-Complaint.

6.     Ms. Jones denies the allegations contained in Paragraph 6 of the Counter-Complaint.

7.     Ms. Jones denies the allegations contained in Paragraph 7 of the Counter-Complaint.

8.     Ms. Jones denies the allegations contained in Paragraph 8 of the Counter-Complaint.

9.     Ms. Jones admits that on November 5, 2020, Mr. Blair stated in his email, "you have displayed an attitude which makes me believe that you will not be able to carry on the responsibilities of the new position offered to you." Ms. Jones denies the remaining allegations contained in Paragraph 9 of the Counter-Complaint.

10.     Ms. Jones denies the allegations contained in Paragraph 10 of the Counter-Complaint.

11.     Ms. Jones admits that COMAR 10.62.28.06 requires Maryland licensed medical cannabis dispensaries to investigate any theft or diversion of medical cannabis products and to report the same to the MMCC. Ms. Jones denies the remaining allegations contained in Paragraph 11.

12.     Ms. Jones denies the allegations contained in Paragraph 12 of the Counter-Complaint.

13.     Ms. Jones admits that criminal charges were brought against three employees, herself included. Ms. Jones denies the remaining allegations contained in Paragraph 13 of the Counter-Complaint.

14.     Ms. Jones denies the allegations contained in Paragraph 14  of the Counter-Complaint.

15.     Ms. Jones admits that in the closed, confidential proceedings of her unemployment insurance appeal she voiced her opinion as to Mr. Blair being a racist and a career criminal, and stated that Mr. Blair sent her a very aggressive email; tried to destroy her reputation; associated her with the "angry black woman stereotype;" referred to her as being disgruntled; and lied to the police. Ms. Jones denies the remaining allegations contained in Paragraph 15 of the Counter-Complaint..

16.     Ms. Jones denies the allegations contained in Paragraph 16 of the Counter-Complaint.

17.     Ms. Jones denies the allegations contained in Paragraph 17 of the Counter-Complaint.

18.     Ms. Jones denies the allegations contained in Paragraph 18 of the Counter-Complaint.

19.     Ms. Jones admits that she discussed the problematic operations of Blair Wellness, their unannounced COVID outbreak, and questionable firings of Black managers with another Maryland medical cannabis patient named Olga Reed. Ms. Jones denies all remaining allegations contained in Paragraph 19 of the Counter-Complaint.

20.     Ms. Jones admits that on June 3, 2021, she caused a temporary peace order to be issued against Mr. Blair in the District Court of Maryland for Baltimore City (Case No. 0101SP049192021), which on June 7, 2021 ruled that she failed to meet the burden of proof for the continuance thereof. Ms. Jones denies the  remaining allegations contained in Paragraph 20 of the Counter-Complaint.

### COUNT ONE
**(Malicious Use of Process)**

21.     Ms. Jones hereby repeats, realleges, and incorporates by reference the responses contained in Paragraphs 1 through 20 above, as if set forth more fully herein.

22.     Ms. Jones denies the allegations contained in Paragraph 22 of the Counter-Complaint.

23.     Ms. Jones denies the allegations contained in Paragraph 23 of the Counter-Complaint.

24.     Ms. Jones denies the allegations contained in Paragraph 24 of the Counter-Complaint.

25.     Ms. Jones denies the allegations contained in Paragraph 25 of the Counter-Complaint.

26.     Ms. Jones admits that Case No. 0101SP04192021 was terminated in favor of Mr. Blair when the District Court ruled that she failed to carry the burden of proof for the continuation of the temporary peace order.

27.     Ms. Jones denies the allegations contained in Paragraph 27 of the Counter-Complaint.

28.     Ms. Jones denies the allegations contained in Paragraph 28 of the Counter-Complaint.

29.     Ms. Jones admits that Case No. 0101SP04192021 continues to be reported on the Maryland Judiciary Case Search system. Ms. Jones denies the remaining allegations contained in Paragraph 29 of the Counter-Complaint.

**COUNT TWO**
**(Defamation)**

30.     Ms. Jones hereby repeats, realleges, and incorporates by reference the responses contained in Paragraphs 1 through 29 above, as if set forth more fully herein.

31.     Ms. Jones denies the allegations contained in Paragraph 31 of the Counter-Complaint.

32.     Ms. Jones admits that she attached online private messages concerning her termination and criminal charges to an appeal of the denial of her claim for unemployment benefits. Ms. Jones denies the remaining allegations contained in Paragraph 32 of the Counter-Complaint.

33.     Ms. Jones denies the allegations contained in Paragraph 33 of the Counter-Complaint.

34.     Ms. Jones denies the allegations contained in Paragraph 34 of the Counter-Complaint.

35.     Ms. Jones denies the allegations contained in Paragraph 35 of the Counter-Complaint.

36.     Ms. Jones denies the allegations contained in Paragraph 36 of the Counter-Complaint.

37.     Ms. Jones denies the allegations contained in Paragraph 37 of the Counter-Complaint.

## COUNT THREE
### (Trover and Conversion – Wrongful Taking)

38.     Ms. Jones hereby repeats, realleges, and incorporates by reference the responses contained in Paragraphs 1 through 37 above, as if set forth more fully herein.

39.     Ms. Jones denies the allegations contained in Paragraph 39 of the Counter-Complaint.

40.     Ms. Jones denies the allegations contained in Paragraph 40 of the Counter-Complaint.

41.     Ms. Jones denies the allegations contained in Paragraph 41 of the Counter-Complaint.

## AFFIRMATIVE DEFENSES

Plaintiff generally denies liability under Counts I through III. As further, separate and affirmative defenses, without assuming the burden of proof of any such defense that rests with Defendants, Plaintiff states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Each Count of the Counter-Complaint fails to state a claim upon which relief may be granted. Mr. Blair failed to plead special damages incurred by him, as required to support Count One; Counts Two and Three fail to allege any particular facts. The Counter-Complaint also fails to state a claim for the reasons stated in Plaintiff's Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The statements upon which Defendants base their defamation claim were made in late 2020. Defendants filed their Counter-Complaint on September 15, 2022.  As the statute of limitations for defamation in Maryland is one year, Defendants' claim is necessarily time-barred.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

Defendants unduly delayed in bringing their claims against Plaintiff, who suffered prejudice as a result.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

Defendant Matthew Blair has not suffered any damages as a result of any actions taken by Ms. Jones, and is barred from asserting any cause of action against Ms. Jones for lack of standing.

## FIFTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

Defendants failed to audit allegedly converted inventory for more than two years and failed to make any attempt to quantify or recover the allegedly converted funds. Defendants' alleged damages are merely speculative, lack substantial support, and are contradicted by prior statements made by Defendants under oath.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendants have failed to comply with their duty to mitigate and to act in a commercially reasonable manner.

## SEVENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

Defendants are barred by the doctrine of collateral estoppel from re-litigating their theft claims against Ms. Jones, each being in privity, and having had a full and fair opportunity to litigate the issue in the prior action.

## EIGHTH AFFIRMATIVE DEFENSE
### (Contrary to Pubic Policy)

Defendants should be barred from recovery because their acts are in clear violation of the basic public policy underlying each claim.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Causal Relationship)

Defendants have failed to adequately demonstrate Plaintiff as being the proximate cause of any damages or harm incurred.

## TENTH AFFIRMATIVE DEFENSE
### (Privileged or Truthful Statements)

Any statements proven to be attributable to Plaintiff were privileged, confidential, or otherwise substantially truthful.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Each cause of action contained in the Counter-Complaint is barred by the equitable doctrine of unclean hands. Mr. Blair is a convicted felon who is presently incarcerated. Defendants knowingly misrepresented ordinary employee purchases as theft to Baltimore City Police Department officers as pretext for Ms. Jones' unlawful prior termination, and further hired a publicist to promulgate the false narrative online and elsewhere.

## TWELTH AFFIRMATIVE DEFENSE
### (Claim of Right)

Any transactions conducted by Ms. Jones were undertaken in accordance with policies in place at the time of the purchase or sale.

**WHEREFORE**, Plaintiff Jones respectfully requests that this Court enter judgment in her favor, dismiss each Counterclaim with prejudice, award Plaintiff reasonable costs

including attorney fees, and grant Plaintiff such other relief as requested in her

Complaint, as the law, equity, and justice require.

Date: January 3, 2023

Respectfully Submitted,

/s/ Lindsey Parker
Lindsey J. Parker (Bar No. 21776)
725 Ponca Street
Baltimore, MD 21224
(443) 345-8388 *direct*
(443) 335-8258 *fax*
Lindsey.parker@pm.me
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICEE

**I HEREBY CERTIFY** that pursuant to the Federal Rules of Civil Procedure and the

Local Rules of the United States District Court for the District of Maryland, on January 3,

2023 a copy of the foregoing Reply and Affirmative Defenses was electronically filed via

CM/ECF and served on all counsel of record.

Respectfully Submitted,

/s/ Lindsey Parker
Lindsey J. Parker