IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| KAMILLE D. JONES | * | |
| Plaintiff, | * | Civil Case No: 1:21-cv-02606-ADC |
| vs. | * | |
| BLAIR WELLNESS CENTER, *et al.* | * | |
| Defendants. | * | |
| | * | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF CONCERNING NON-PARTY WITNESS DEPOSITIONS

Plaintiff, Kamille D. Jones, by and through undersigned counsel, hereby opposes Defendants' Motion for Relief Concerning Non-Party Witness Depositions (ECF No. 90) filed February 16, 2023, and respectfully submits her own Motion for Relief Concerning Non-Party Discovery, stating in support thereof the following:

### I.       PRELIMINARY STATEMENT

Plaintiff's previous filings—particularly her Motion to Extend Discovery filed November 29, 2022 (ECF No. 73), Emergency Motion to Quash Subpoenas filed December 7, 2022 (ECF No. 77), and Second Emergency Motion to Quash filed December 20, 2022 (ECF No. 81)—demonstrate a clear and continuing pattern of noncooperation and abuse on the part of the Defendants and their counsel throughout this discovery process. While this Court's December 9, 2022 Order quashing Defendants' defective subpoenas specified that all remaining depositions be scheduled in accordance with the Federal and Local Rules (ECF No. 83), Defendants have continued to flaunt procedural and substantive requirements at every opportunity, all the while levying disingenuous claims of

prejudice. Defendants have been in possession of Plaintiff's interrogatory responses since early September, prior to the first discovery extension, and Plaintiff readily provided the most recent contact information available to her for each individual identified in her discovery responses.[1] The difficulties Defendants had in effecting service are the direct result Defendants' own untimely efforts to do so. Any witness reticence in interacting with Defendants or their counsel is the natural result of perceived hostility on the part of Defendants and their counsel, and Rule 45 prevents Plaintiff from serving Defendants' subpoena. Accordingly, Defendants' request for relief should be denied.

## II.      RELEVANT FACTS

Plaintiff produced her First Amended Answers to Defendants' Interrogatories on September 5, 2022. Upon the joint request of the parties, the discovery deadline was extended from September 26, 2022, until December 12, 2022, due to Defendants' stated need for additional time to depose Plaintiff and unnamed additional non-party witnesses. The parties agreed on October 20, 2022, for Plaintiff's deposition, however Defendants opted to cancel the deposition less than 48 hours prior, with no suggested date for rescheduling. Defendants failed to timely respond to Plaintiff's discovery requests and offered no justification for the nearly two-month delay. Defendants failed to identify any deponents until the evening of November 27, 2022, when defense counsel emailed Plaintiff's counsel subpoenas and deposition notices for Jazz Baker, Erik Spangler, and Madison Nessel for service the next day. On December 7, 2022, Plaintiff filed her Emergency Motion to Quash (ECF No. 77) in response to the defective subpoenas and

---

[1] Where no information has been provided, no information is available.

aggressive service techniques of one Vinnie Piazza, which this Court granted December 9, 2022. On December 28, 2022, defense counsel mailed undersigned copies of subpoenas and deposition notices for Noelle Goddard, Kevin Jones Sr., Erik Spangler, and Jazz Baker. Despite serving Ms. Goddard and disseminating the Zoom link for her January 18, 2023, deposition, defense counsel cancelled the evening of January 17, 2023, stating only that "[w]e have elected not to proceed with Ms. Goddard's deposition tomorrow." Exhibit 1," Re: Noelle Goddard." On January 27, 2023, defense counsel then issued a subpoena and deposition notice for Ms. Goddard's romantic partner, Kendall Cash. Upon information and belief, the couple recently relocated with their young child to California. On February 6, 2023, Defendants mailed Plaintiff's counsel notice of Plaintiff's deposition to be held February 16, 2023, again failing to give reasonable notice in violation of the December Order. On February 16, 2023, Defendants filed the presently opposed Motion while Plaintiff's deposition[2] was actively being conducted

### III.    ARGUMENT

**A.    Alternative Service is Not Warranted, as Defendants Failed to Make Timely Efforts to Effectuate Personal Service and Bullied Witnesses into Unavailability.**

While defense counsel insists on referring to Kendall Cash as a non-party witness, Mr. Cash was never named as a potential trial witness in Plaintiff's interrogatory responses, as his connection to the facts of this case is tangential at best. Further, Plaintiff has never known Mr. Cash's address, nor has she had reason to know Mr. Cash's address,

---

[2] Defendants' counsel, Jeffrey Johnson, refused to conclude the deposition after Plaintiff gave 7 hours of testimony, and even after Plaintiff's counsel allowed Mr. Johnson an additional 30 minutes to conclude his line of questioning, Mr. Johnson continued to try to introduce new exhibits for well beyond the agreed-upon time.

while Defendant Blair Management, as Mr. Cash's former employer, is in a far better position to locate such information. Likewise, Noelle Goddard, another former dispensary employee, was never named as a potential trial witness, and has extremely limited direct knowledge pertinent to this matter. Yet Defendants noted Ms. Goddard's deposition (Exhibit 2, Noelle Goddard Subpoena and Notice) and went so far as to have the stenographer disseminate the Zoom link for the remote proceedings before unceremoniously cancelling less than 24 hours from the scheduled time. Only after that do the Defendants decide to issue a subpoena duces tecum for Mr. Cash, which, per the version date and time stamp left on the document, was first created January 27, 2023. Exhibit 3, Kendall Cash Subpoena. Clearly Defendants are using the scheduling of these depositions to bully and oppress two former employees who are new parents, and who have very little, if anything, to contribute to this case. Neither individual is under Plaintiff's control, nor is Plaintiff in active contact with either. Plaintiff was told recently by another former coworker that Mr. Cash and Ms. Goddard moved to California out of fear of further harassment at the hands of the Defendants, and neither the veracity of that statement nor anything else about their whereabouts is presently known.

Jazz Baker, while on Plaintiff's intended witness list, is not under Plaintiff's control, nor was Plaintiff's counsel aware of any specific evasion of service on Ms. Baker's part. The December 1, 2022, email Defendants reference as evidence of undersigned's control very clearly demonstrates the opposite. Rather, the goodwill cultivated by Plaintiff's counsel was ostensibly destroyed by defense counsel's invalid subpoena Thanksgiving bonanza, when unannounced they sent Vinnie Piazza to bang on peoples'

windows and doors all night, scaring peoples' children. If undersigned counsel were able to produce Ms. Baker at trial, it would not speak to some inherent control over that witness. It would speak to undersigned's great efforts undertaken in reconnecting with a witness Defendants have thoroughly alienated with their hostility.

Rule 45 of the Federal Rules of Civil Procedure requires service be made by a non-party over the age of 18. It would be improper for Plaintiff to serve Defendants' subpoena on her father. And had any attempt been made before January 2023 to serve Mr. Jones, Defendants would likely have found greater success. Notably, Defendants issued Mr. Jones a Subpoena to Produce Documents, Information, or Objects directing him to produce the documents listed in the attached Notice to Take Deposition Duces Tecum. However, there is no such notice duces tecum attached, rather a plain notice of deposition is attached, with no document list. Exhibit 4, Kevin Jones Subpoena and Notice.

**B.     Defendants Will Not Be Prejudiced by an Inability to Depose the Individuals Named, as All Requested Documents and Communications Have Already Been Produced by Plaintiff and Other Deponents.**

Defendants are already specifically in possession of all relevant documents and communications between, inter alia, (a) Plaintiff and Jazz Baker; (b) Plaintiff and Kendall Cash; (c) Plaintiff and Noelle Goddard; (d) Erik Spangler and Jazz Baker; and (e) Matthew Blair and Jazz Baker. Having already deposed Plaintiff, Mr. Spangler, Rainforest Bolero, and Madison Nessel, Defendants have had ample opportunity to explore those documents produced in full and failed to request any documents of Mr. Jones. As such, there is no risk of prejudice as claimed.

## IV.     CONCLUSION

WHEREFORE, for all the reasons set forth above and in related attachments, Plaintiff humbly requests this Court deny Defendants' Motion for Relief (ECF No. 90), grant Plaintiff's Countermotion, enter the proposed order attached, and grant any such further relief as this Court deems just and proper.

Date: March 2, 2023                                    Respectfully Submitted,

*Lindsey Parker*

Lindsey J. Parker (Bar No. 21776)
725 Ponca Street
Baltimore, MD 21224
(443) 345-8388 *direct*
(443) 335-8258 *fax*
Lindsey.parker@pm.me
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, on March 2, 2023, a copy of the foregoing Opposition to Defendants' Motion for Relief was electronically filed via CM/ECF and served on all counsel of record.

Respectfully Submitted,

*Lindsey Parker*

Lindsey J. Parker