# ⊓ NELSON MULLINS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Jeffrey T. Johnson
T: 443.392.9430
jeffrey.johnson@nelsonmullins.com

100 S Charles St. Suite 1600
Baltimore, MD 21201
T: 443.392.9400  F: 443.392.9499
nelsonmullins.com

December 28, 2022

**VIA PRIVATE PROCESS**
Noelle Goddard

▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮

Re:   *Kamille D. Jones v. Blair Wellness Center, LLC et al.*
      Case No. 1:21-CV-02606-ADC

Dear Ms. Goddard:

My office represents Matthew Blair, Blair Wellness Center, LLC and Blair Management, LLC in the above referenced lawsuit, filed by Kamille D. Jones. Ms. Jones has identified you as a party with knowledge of her claims or defenses in this lawsuit. As such, I am providing a Subpoena and Notice of Deposition *Duces Tecum* requiring that you appear and provide testimony and records pertaining to Ms. Jones. Please feel free to contact to me if there are any questions or concerns about your appearance for this deposition or the records requested in the Notice of Deposition *Duces Tecum*.

Thank you for your attention to this matter.

Very truly yours,

_____
Jeffrey T. Johnson

Enclosures

cc:  All Counsel of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| Kamille D. Jones | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02606-ADC |
| Blair Wellness Center, LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Noelle Goddard ███████████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: PLEASE SEE ATTACHED NOTICE TO TAKE DEPOSITION DUCES TECUM

| Place: Nelson Mullins Riley & Scarborough LLP<br>100 S. Charles Street, Suite 1600<br>Baltimore, MD 21201 | Date and Time:<br>01/18/2023 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/29/2022

CLERK OF COURT

_____    OR    *Jeff Johnson* (signature)
Signature of Clerk or Deputy Clerk

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Blair Management, LLC _____, who issues or requests this subpoena, are:
Jeffrey Johnson, Esq. 100 S. Charles Street, Suite 1600, Baltimore, MD 21201, Jeffrey.Johnson@nelsonmullins.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-02606-ADC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| KAMILLE D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:21-cv-02606-ADC |
| | ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| KAMILLE D. JONES | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## NOTICE OF DEPOSITION DUCES TECUM

PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of Civil Procedure, Defendant Blair Management, LLC, by and through its undersigned counsel, will commence the deposition by oral examination of Noelle Goddard on **January 18, 2023, at 2:00 pm.** before an officer duly authorized by law, and continuing from day to day thereafter until completed. The deposition will take place at Nelson Mullins Riley & Scarborough, 100 S. Charles St., Suite 1600, Baltimore, MD 21201. The deposition will be recorded by stenographic and/or audiovisual means by a court reporter. Any and all of said deposition testimony may be offered into evidence of the above-entitled action.

In accordance with the Federal Rules of Civil Procedure, you are required to bring with you the following documents:

**Records to Be Produced:**

1. Any and all communications, including, but not limited to online messages, text messages or emails with Kamille D. Jones concerning Blair Wellness Center, LLC, Blair Management, LLC or Matthew Blair.

2. Any online or social media postings, publications, blogs or private messages created by or contributed to by you concerning Blair Wellness Center, LLC, Blair Management, LLC or Matthew Blair.

Respectfully submitted,

/s/ Jeffrey T. Johnson
Michael E. Blumenfeld (Fed. Bar No. 25062)
Jeffrey T. Johnson (Fed. Bar No. 19876)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street, Suite 1600
Baltimore, MD 21201
Tel: 443-392-9402
Fax: 443-392-9499
Michael.Blumenfeld@nelsonmullins.com
Jeffrey.Johnson@nelsonmullins.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 29th day of December 2022, a copy of the foregoing document was sent via first class mail and email to the following:

Lindsey J. Parker
725 Ponca Street
Baltimore, MD 21224
(443)345-8388 *direct*
(443)335-8258 *fax*
Lindsey.parker@pm.me

*Counsel for Plaintiff*

/s/ Jeffrey T. Johnson
Jeffrey T. Johnson