**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| KAMILLE D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:21-cv-02606-ADC |
| | ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| | ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAMILLE D. JONES | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| ———————————————— | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR RELIEF**
**CONCERNING NON-PARTY WITNESS DEPOSITIONS**

Defendants/Counter-Plaintiffs, Blair Wellness Center, LLC, Matthew Edward Blair and

Blair Management, LLC (collectively, "Defendants"), by and through their undersigned counsel,

respectfully submit this Reply to Plaintiff's Opposition to Motion for Relief Concerning Non-Party

Witness Depositions ("Opposition") (ECF No. 94).  In support thereof, Defendants state as

follows:

I.      **INTRODUCTION**

Plaintiff's Opposition almost entirely ignores the substantive arguments and legal authority

in Defendants' Motion for Relief Concerning Non-Party Witness Depositions ("Defendants'

Motion") (ECF No. 90).  Plaintiff instead irrationally contends that Defendants caused Plaintiff's

witnesses to evade service or become unavailable because Defendants did not coordinate deposition dates with Plaintiff, because of "untimely efforts" to serve Plaintiff's witnesses, and because Defendants were vaguely "hostile" to said witnesses.  However, Defendants undertook prompt and diligent efforts to depose Plaintiff's witnesses, whereas Plaintiff and her Counsel obstructed the taking of depositions (including Plaintiff's own deposition) for months, as reflected in the Court's recent paperless order sanctioning Plaintiff and her Counsel (ECF No. 89).  This is further exemplified by Plaintiff's refusal to make her own father – who lives with Plaintiff and was identified as a witness in support of Plaintiff's claims – available for a deposition.  Indeed, Plaintiff's gamesmanship regarding discovery was exposed when she was asked during her own deposition whether she would simply hand a subpoena packet to her father, and responded: "I wouldn't hand him anything from you guys."[1]  Moreover, Plaintiff's vague assertions of hostility are entirely unsupported by specific factual assertions or evidence regarding the witnesses referenced in Defendants' Motion, and overlook the substantial prejudice Defendants would experience if Defendants' Motion were denied.

## II.   ARGUMENT

### A.   Defendants Diligently Sought to Schedule Non-Party Witness Depositions In Spite of Plaintiff's Obstruction.

Plaintiff attributes Defendants' inability to serve the witnesses she identified in written discovery as the result of "untimely efforts" and failure to coordinate dates with Plaintiff, but nothing could be further from the truth.  Opposition at p. 2.  However, the objective record in this case establishes that: (1) Defendants have diligently attempted to schedule depositions since Plaintiff first identified persons with knowledge of her claims; and (2) Plaintiff and Plaintiff's

---

[1] See **Exhibit I**, discussed in further detail below.

counsel have refused to cooperate with scheduling.

On September 5, 2022, Plaintiff provided written discovery responses identifying, *inter alia*, Selena J. Baker (aka "Jazz Baker" or "Ms. Baker"), Kendall Cash ("Mr. Cash"), and Plaintiff's father, Kevin Jones, Sr. ("Mr. Jones") (collectively, the "Non-Party Witnesses"), as persons that "have discoverable information that tends to support" Plaintiff's position in the present litigation.  *See* Exhibit A to Defendants' Motion (ECF No. 90-2).  Five days later, Defendant asked for Plaintiff's Counsel's availability for depositions of the persons Plaintiff identified, and – when Plaintiff's Counsel did not respond – Undersigned Counsel followed up with Plaintiff's Counsel on September 13, 2022.  *See* September 2022 emails between counsel, attached hereto as **Exhibit A** at pp. 2, 6.  Plaintiff's Counsel responded on September 14, 2022, but did not provide any availability for Non-Party Witness Depositions.  Instead, Plaintiff's Counsel indicated that Counsel works for the State of Maryland Monday through Friday and "unless I have a reasonable amount of notice (a week minimum) of specific events around which to shift my schedule, excepting calls/meetings of an hour or less, I am presumptively unavailable during business hours during the week."  Exhibit A at p. 1.

Thereafter, on the numerous occasions where Defendants sought to schedule the Non-Party Witness depositions, Undersigned Counsel attempted to seek Plaintiff's Counsel's agreement to deposition dates and provided more than one-week notice each time efforts to coordinate scheduling went ignored.  On November 18, 2022, Undersigned Counsel requested Plaintiff's Counsel's availability for third party witness depositions between November 18, 2022, and the discovery deadline (then December 12, 2022); Plaintiff's Counsel did not respond.  *See* November 18, 2022, email to Plaintiff's Counsel, attached hereto as **Exhibit B**.  Consequently, Defendants issued subpoenas and deposition notices on November 27, 2022 (for depositions on December 8

and 9, 2022).  *See* November 27, 2022, email to Plaintiff's Counsel, attached hereto as **Exhibit C**.

After Plaintiff filed an emergency motion to quash the aforementioned subpoenas, Undersigned Counsel emailed Plaintiff's Counsel on December 6, 2022, and advised that they were looking to schedule the depositions "of third-party witnesses Spangler, Goddard, Nessel, Baker, Cash, King and Kevin Jones for January 3-4, 10-11, and 16-18," and requested that Plaintiff's Counsel advise if Plaintiff was authorized to accept service on behalf of these individuals.  *See* December 6, 2022, email to Plaintiff's Counsel, attached hereto as **Exhibit D**. Plaintiff's Counsel again did not respond, so Defendants again issued subpoenas on December 28, 2022 (for depositions on January 17 and 18, 2023).  *See* December 28, 2022, email to Plaintiff's Counsel, attached hereto as **Exhibit E**.

When Defendants were again unable to serve the subpoenas, undersigned Counsel emailed Plaintiff's Counsel on January 19, 2023, and advised that "we intend to re-note/note the depositions of third-party witnesses Kevin Jones, Jazz Baker and Erik Spangler and note depositions for Kendall Cash and Rain Bolero for February 13-15[,]" and again asked Plaintiff's Counsel to advise if she was authorized to accept service on behalf of these witnesses.  *See* January 19, 2023, Email to Plaintiff's Counsel, attached hereto as **Exhibit F**.  Plaintiff's Counsel yet again failed to respond, so Defendants again issued subpoenas and deposition notices without Plaintiff's Counsel's input.  Consequently, any contention that Defendants' lack of diligence or failure to coordinate deposition dates resulted in the unavailability of these witnesses is simply false.  Rather, as demonstrated by the attachments to the present Reply and the Court's Order granting sanctions against Plaintiff and her Counsel, Plaintiff alone has inhibited the scheduling of depositions for months leading up to the discovery deadline.

**B.      Plaintiff's Assertion that Defendants Sought to "Bully and Oppress" Mr. Cash is Without Basis.**

Plaintiff asserts that Defendants' efforts to serve Mr. Cash – whom <u>she identified</u> as a witness with knowledge relevant to her claims – is an effort to "bully and oppress" Mr. Cash and his romantic partner, Noelle Goddard ("Ms. Goddard") (who was also identified by Plaintiff in written discovery responses).   Opposition at p. 4.   Plaintiff further incredibly asserts that an anonymous source advised that Mr. Cash and Ms. Goddard relocated their family across the country to California "out of fear of further harassment at the hands of Defendants."   Opposition at p. 4.  Of course, the Opposition does not detail any such harassment of either Mr. Cash or Ms. Goddard, but simply implies that efforts to serve them were improper because they have not been identified as "potential trial witness[es,]" because their connection to this case is "tangential at best[,]" and because they have "limited direct knowledge pertinent to this matter."   Opposition at pp. 3-4.

As a preliminary matter, there is no basis to infer – on the basis of hearsay from Plaintiff's unnamed source – that unspecified "harassment" and service attempts prompted Mr. Cash and Ms. Goddard to uproot their family and move to California.   Moreover, Plaintiff gave no indication that the knowledge held by Mr. Cash or Ms. Goddard was "limited" or "tangential" when she identified them as "<u>having discoverable information that tends to support a position that [she has] taken or intend to take in this action</u>."[2]  *See* Exhibit A to Defendants' Motion at p. 2 (emphasis added).   However, now that Plaintiff has belatedly represented that she does not intend to call Mr. Cash as a witness to support her claims, there is no harm in the relief requested by Defendants,

---

[2] Defendants only learned of Ms. Goddard's knowledge – or lack thereof – when Undersigned Counsel was able to speak with Ms. Goddard shorty before her scheduled deposition.  This is precisely why Defendants elected to cancel Ms. Goddard's deposition.

*i.e.*, that Plaintiff be barred from calling Mr. Cash as a witness or using his testimony to support her claims unless he is first made available for deposition.

**C. Plaintiff provides no evidence of hostility towards Ms. Baker.**

Regarding Ms. Baker, Plaintiff entirely ignores the testimony under oath by Ms. Baker's acquaintance – Erik Spangler (another witness identified by Plaintiff) – that Ms. Baker is aware of the attempts to serve her but was actively evading attempts at service in this matter. *See* Excerpt of Deposition of Erik Spangler, attached hereto as **Exhibit G**, at pp. 91-92. Plaintiff rather implies – again without any citation to supporting evidence or even the source of her information – that Defendants' process server was sent "to bang on peoples' doors and windows all night, scaring people's children." Opposition at pp. 4-5. However, Defendants only made two attempts to serve her at her home address (which was confirmed to be the correct address by Mr. Spangler)—once at 5:50 p.m. on November 28, 2022, and once at 2:10 p.m. on January 3, 2023. *See* Exhibit E to Defendants' Motion at p. 1; November 28, 2022, email from Jeffrey Levy, attached hereto as **Exhibit H**. It is unclear why two service attempts between the hours of 2 p.m. and 6 p.m. would scare or intimidate Ms. Baker or her family, especially when undersigned counsel left Ms. Baker at least one voice message regarding this matter, and Ms. Baker is aware that attempts to contact her at her residence are related to the litigation filed by Plaintiff. Given that Ms. Baker is aware of this litigation – and Defendants have made two service attempts thwarted by her evasion – there is no basis to deny Defendants' request for alternative service in this matter. This is especially so where Plaintiff has an apparent line of communication with Ms. Baker, as revealed by her vague representation that the process server was "bang[ing] on peoples' [(presumably Ms. Baker's)] doors and windows all night, scaring people's [(presumably, Ms. Baker's)] children."

Plaintiff also contends that there is no prejudice flowing from Defendants' inability to

6

depose Ms. Baker, because all relevant communications with Ms. Baker have been produced. Opposition at p. 5.  However, the production of relevant communications with Ms. Baker has no bearing on whether Defendants should have the opportunity to depose a witness that <u>Plaintiff intends to call as a witness to provide live testimony at trial</u>.  Ms. Baker's trial testimony will surely not be limited to authenticating written communications, and Defendants are entitled to question Ms. Baker about the content of written communications exchanged in discovery. Notably, Ms. Baker is specifically referenced in Plaintiff's Amended Complaint, and online postings/communications involving Ms. Baker are highly relevant to the claims of defamation in this litigation.  Amended Complaint (ECF No. 48) at ¶ 41.  Defendants therefore respectfully request a brief, limited extension of discovery, during which they be permitted to serve Ms. Baker via a combination of posting notice at her residence and sending notice via Federal Express or first-class mail.

### D. Plaintiff Does Not Dispute That She Has Control Over Her Own Father, That He is Aware of Attempts to Serve Him, and That Plaintiff has Refused to Facilitate The Taking of His Deposition.

Plaintiff lives with her father.  Plaintiff notably does not dispute that she has control over her father, that she could make him available for a deposition if she was so inclined, and that he is also aware of attempts to serve him <u>at the residence he shares with Plaintiff</u>.  *See* Excerpt of Deposition of Kamille Jones, attached hereto as **Exhibit I**, at p. 15.  More concerning, Plaintiff has maintained that her father is "her best friend[,]" and has information about all aspects of Plaintiff's allegations in real time as they were occurring.  Exhibit I at p. 13.  Yet, when asked during deposition if she would simply hand a subpoena packet to her father, she defiantly replied that she "wouldn't hand him anything from you guys."  *See* Exhibit I at p. 16.

Plaintiff notably does not dispute or distinguish the case law requiring that she make a

witness she controls – such as her father and co-habitant – available for deposition by the opposing party.  Plaintiff instead erroneously relies on technicalities under Rule 45, asserting that she cannot serve her father because she is a party to the present litigation.  Opposition at p. 5.  Plaintiff also asserts that a clerical error on the subpoena to her father referenced a request for documents when no such documents were requested in the deposition notice.  Opposition at p. 5.  However, concerning the former assertion, Defendants are not asking that Plaintiff serve her father, but rather that she make him available without the necessity of formal service under Rule 45.  Again, Plaintiff does not dispute that she has the ability or legal obligation to do so.  Concerning the latter assertion of a clerical error, Plaintiff fails to explain why the apparent disconnect between the subpoena and notice of deposition has any bearing on Defendants' Motion, as Defendants have been unable to serve Plaintiff's father with any papers at all.  In any event, such a minor error will easily be corrected if Defendants are able to effectuate alternative service on Mr. Jones, and cannot  justify depriving Defendants of discovery from yet another trial witness identified by Plaintiff.

Finally, like Ms. Baker, Plaintiff absurdly contends that Defendants will not be prejudiced by being denied the opportunity to depose Mr. Jones because "all relevant documents and communication have been produced[,]" and Defendants "have failed to request any documents of Mr. Jones."  Opposition at p. 5.  Under this flawed reasoning, the exchange of written discovery essentially eliminates the need for deposition testimony, even where, as here, Plaintiff has failed to produce a single document authored by, or sent to, Mr. Jones.  Given that Defendants have seen no such documents, Defendants can only assume that Mr. Jones' knowledge of this litigation is unrelated to documentary evidence, as is confirmed by Plaintiff's Answers to Interrogatories, indicating that Mr. Jones "will testify on personal knowledge as to Plaintiff's strained familial and interpersonal relationships, as well as the physical and financial toll this ordeal has taken on

Plaintiff."   Exhibit A to Defendants' Motion at p. 6 (emphasis added).  As such, Plaintiff cannot reasonably maintain that Defendants will avoid prejudice if deprived of Mr. Jones' deposition testimony – which appears to be the only means of exploring his anticipated testimony at trial. Defendants therefore respectfully request a brief extension of discovery, during which they be permitted to serve Mr. Jones via a combination of posting notice at his residence and sending notice via Federal Express or first-class mail.

## III.   CONCLUSION

In sum, Defendant should not be deprived of the ability to depose Plaintiff's expected witnesses at trial because of gamesmanship and evasion tactics by Plaintiff and her witnesses. Plaintiff is in contact with both Ms. Baker and Mr. Jones, and Defendants have confirmed valid addresses for both witnesses.  Alternative service via posting and sending to their residences will "reasonably ensure[] actual receipt of the subpoena by the witness[es]." *Hall v. Sullivan,* 229 F.R.D. 501, 506 (D. Md. 2005).  Defendants therefore respectfully request that the Court grant the attached Revised Proposed Order, 1) granting a brief reopening of discovery for the limited purpose of allowing Defendant to serve Ms. Baker and Mr. Jones via a combination of posting notice at their residences and sending notice via Federal Express or first-class mail, 2) granting a proportionate extension of all remaining deadlines (including the deadline for submission of dispositive motions on March 17, 2023), and 3) barring Plaintiff from calling Mr. Cash as a witness or using his testimony to support her claims unless he is first made available for deposition.

Date:  March 8, 2023                          Respectfully submitted,


                                              /s/ Michael E. Blumenfeld
                                              Michael E. Blumenfeld (Fed. Bar No. 25062)
                                              Jeffrey T. Johnson (Fed. Bar No. 19876)
                                              Nelson Mullins Riley & Scarborough, LLP
                                              100 S. Charles Street, Suite 1600
                                              Baltimore, MD 21201
                                              Tel: 443-392-9402
                                              Fax: 443-392-9499
                                              Michael.Blumenfeld@nelsonmullins.com
                                              Jeffrey.Johnson@nelsonmullins.com

                                              *Counsel for Defendants/Counter-Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 8th day of March, 2023, a copy of the foregoing Reply

and Proposed Order was served via the Court's ECF system on:

Lindsey J. Parker, Esquire (Bar No. 21776)
725 Ponca Street
Baltimore, MD 21224
Tel: (443) 345-8388
Fax: (443) 335-8258
Lindsey.parker@pm.me
*Counsel for Plaintiff/Counter-Defendant*


                                              /s/ Michael E. Blumenfeld
                                              Michael E. Blumenfeld