**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

March 9, 2023

TO COUNSEL OF RECORD

Re: *Jones v. Blair Wellness Center, LLC, et al.*
Civil No. ADC-21-2606

Dear Counsel:

I am in receipt of Defendants' Motion for Other Relief Concerning Non- Party Witnesses (ECF No. 90) Plaintiff's Opposition (ECF No. 94) and Defendants' Reply (ECF No. 97). In their motion Defendants allege that Plaintiff has denied access for Defendants to depose certain non-party witnesses she intends to call at trial. Plaintiff opposes the motion stating that she is not responsible for service upon the non–party witnesses, she cannot serve her father who is one of the non-parties since she is a party, and that Defendants had ample opportunity to effect service upon them but failed to do so. Defendants move the Court to preclude the witnesses from participating in this litigation by way of affidavit or trial testimony. In the alternative, Defendants request this Court allow alternate service to the last known addresses and extend the discovery period to allow further depositions.

Service of process is governed by Rule 45 as the parties acknowledge. Fed. R. Civ. P. 45(b)(1). Serving a subpoena requires delivering a copy to the named person, and if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. *Id.* While it is difficult to determine the actual underlying facts contested by the parties, there has been sanctionable conduct previously by Plaintiff related to obstructing deposition testimony. ECF No. 89. That conduct colors the events before the Court since it was occurring at the same time. That being said, it is unclear whether some of these third-party witnesses will be called by Plaintiff at trial or their testimony used to support dispositive motions. Plaintiff has clearly stated she does not intend to call her father, Kevin Jones Sr. at trial. His deposition will not be necessary, and since it is clear that either he is evading service or Plaintiff is possibly obstructing access to Mr. Jones, his testimony will not be available to Plaintiff to support any dispositive motions as well. With respect to Ms. Baker and Mr. Cash, unless those witnesses become available to Defendants for deposition, they too will be barred from participating in this litigation either at trial or by affidavit. I note that the Defendants' Motion in this case was filed just one day before the expiration of the discovery deadline. I am reluctant to extend the discovery deadline at this point in the litigation. If the parties resolve the deposition issues regarding Ms. Baker or Mr. Cash, they may submit a proposed amendment to the Scheduling Order to extend the discovery deadline solely for the purpose of deposing any third-party witness(es). Therefore, Defendants' Motion (ECF No. 90) is GRANTED consistent with this Order.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge