IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| KAMILLE D. JONES,               ) | |
|                                 ) | |
|           Plaintiff,            ) | |
| v.                              ) | Civil Action No. 1:21-cv-02606-ADC |
|                                 ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* ) | |
|                                 ) | |
|           Defendants.           ) | |
| _____  ) | |
|                                 ) | |
| BLAIR WELLNESS CENTER, LLC, *et al.* ) | |
|                                 ) | |
|           Counter-Plaintiffs,   ) | |
|                                 ) | |
| v.                              ) | |
|                                 ) | |
| KAMILLE D. JONES                ) | |
|                                 ) | |
|           Counter-Defendant.    ) | |
| _____  ) | |

### **DEFENDANTS'/COUNTER-PLAINTIFFS' MOTION TO SEAL**

Defendants/Counter-Plaintiffs, Blair Wellness Center, LLC, Matthew Edward Blair and Blair Management, LLC (collectively "Defendants"), by and through their undersigned counsel, pursuant to Local Rule 105.11, hereby move this Court for an Order sealing Exhibit B to the Memorandum of Law in Support of Defendants'/Counter-Plaintiffs' Motion for Summary Judgment. In support of their Motion to Seal, Defendants state as follows:

1. Kamille D. Jones ("Plaintiff") has filed a four-count Amended Complaint for Unlawful Employment Practices (ECF No. 48), alleging, *inter alia*, race discrimination and retaliation in violation of Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

2. Plaintiff is a former employee of Blair Management, LLC ("Blair Management"), which provides staffing to Blair Wellness Center, LLC ("Blair Wellness"), a medical cannabis dispensary ("dispensary").

3. Plaintiff's claims of race discrimination and retaliation are based in part on allegations that purchases of medical cannabis made by Plaintiff were misclassified as theft, and that Plaintiff was treated less favorably than her white co-workers at the dispensary concerning pay and discipline for work-related misconduct. Amended Complaint (ECF No. 48) at ¶ 52, 54.

4. Defendants have filed a Motion for Summary Judgment and supporting Memorandum of Law (collectively "Motion for Summary Judgment"), arguing that Plaintiff's purchases of medical cannabis from the dispensary were in fact indicative of theft and that Plaintiff was not treated any less favorably than her white co-workers in regards to pay or other terms and conditions of employment.

5. To support their Motion for Summary Judgment, Defendants have submitted a Declaration of Defendant/Counter-Plaintiff Matthew Blair ("Mr. Blair") as Exhibit B, which describes and attaches documentation of private pay and personnel matters of other former employees who are not parties to the present litigation but identified by Plaintiff as comparators.

6. Mr. Blair has further attached documentation of Plaintiff's purchases of medical cannabis from the dispensary, which are necessary to rebut Plaintiff's allegations of discrimination.

7. Such purchase records are potentially covered Protected Health Information ("PHI") subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), and therefore must be maintained as private and only disclosed in very limited circumstances. 45 C.F.R. § 164.530(c)(1).

8. The information included in – and documents attached to – Mr. Blair's declaration are necessary to oppose Plaintiff's claims of disparate treatment on the basis of race, and cannot be submitted in a redacted form that can be meaningfully considered by the Court without exposing the private information of Plaintiff and her former co-workers.

9. This Court has issued a Confidentiality Order to facilitate the exchange of written discovery in this matter while protecting the private information of non-parties. ECF No. 70. The Court's Confidentiality Order requires that information designated as "Confidential" – such as information concerning the pay and disciplinary matters of non-parties – be filed under seal. ECF No. 71.

10. Thus, to protect the confidentiality of potential PHI and private information concerning non-parties, Defendants respectfully request that the Court issue an Order sealing Exhibit B to the Memorandum of Law in Support of Defendants'/Counter-Plaintiffs' Motion for Summary Judgment, including all attachments thereto.

WHEREFORE, Defendants respectfully requests that the Court grant its Motion to Seal in its entirety.

Date:   March 17, 2023						Respectfully Submitted,


					*/s/ Jeffrey T. Johnson*
					Michael E. Blumenfeld (Fed. Bar No. 25062)
					Jeffrey T. Johnson (Fed. Bar No. 19876)
					Nelson Mullins Riley & Scarborough, LLP
					100 S. Charles Street, Suite 1600
					Baltimore, MD 21201
					Tel: 443-392-9402
					Fax: 443-392-9499
					Michael.Blumenfeld@nelsonmullins.com
					Jeffrey.Johnson@nelsonmullins.com

					**Counsel for Defendants/Counter-Plaintiffs**


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 17th day of March, 2023, a copy of Defendants'/Counter-Plaintiffs' Motion to Seal was served via the Court's ECF system on:

					Lindsey J. Parker, Esquire (Fed. Bar No. 21776)
					725 Ponca Street
					Baltimore, MD 21224
					Tel: (443) 345-8388
					Fax: (443) 335-8258
					Lindsey.parker@pm.me
					**Counsel for Plaintiff/Counter-Defendant**


					*/s/ Jeffrey T. Johnson*
					**Counsel for Defendants/Counter-Plaintiffs**