IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KAMILLE D. JONES, | * |
| Plaintiff/Counter-Defendant, | * |
| vs. | *   Civil Action No. ADC-21-2606 |
| BLAIR WELLNESS CENTER, LLC et al., | * |
| Defendants/Counter-Plaintiffs. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff/Counter-Defendant Kamille D. Jones moves this Court for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[1] ECF Nos. 38, 103. After considering the Motion and the response thereto (ECF Nos. 103, 104), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2023). For the reasons stated herein, the Court declines to exercise supplemental jurisdiction over the claims in Defendants/Counter-Plaintiffs' Complaint. ECF No. 38. Accordingly, Ms. Jones's Motion is TERMINATED as moot and Counter-Plaintiffs' claims are DISMISSED without prejudice.

### **Factual Background**

Defendant/Counter-Plaintiff Blair Wellness Center, LLC ("Blair Wellness") is a medical cannabis retail business in Baltimore City, Maryland. ECF No. 38 at ¶1. Blair Wellness is managed and operated by Blair Management, LLC, which is owned by Defendant/Counter-Plaintiff Mathew

---

[1] On October 12, 2021, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07. ECF No. 2. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF Nos. 21, 54.

1

Edward Blair ("Mr. Blair"). *Id.* at ¶¶3,4. From October 2019 to November 2020, Plaintiff/Counter-Defendant Kamille D. Jones ("Ms. Jones") was employed by Blair Management as a Patient Advisor and Assistant Inventory Manager at Blair Wellness. *Id.* In early November 2020, Blair Management determined that, due to the COVID-19 pandemic, it "was necessary to restructure" the roles of some of its employees. *Id.* at ¶5. As part of this restructuring, Ms. Jones's Assistant Inventory Manager position was eliminated. *Id.*

Although her position was eliminated, Mr. Blair and Blair Management offered Ms. Jones "another opportunity within the company at a level similar in compensation and responsibility." *Id.* Despite this offer of reemployment, Ms. Jones made "numerous derogatory statements about management, the business and her co-workers." *Id.* at ¶6. Based on this behavior, Blair Management ultimately withdrew the offer of reemployment and instead offered Ms. Jones a severance package. *Id.* at ¶¶8-9. However, shortly after the severance package was offered, Blair Management conducted an inventory audit which revealed that Ms. Jones and several other Blair Management employees had "made a number of medical cannabis purchases from Blair Wellness inventory for which they significantly undercharged each other or themselves." *Id.* at ¶9.

After these fraudulent purchases were discovered, Mr. Blair revoked Ms. Jones's proposed severance package and reported the audit "irregularities" to the Maryland Medical Cannabis Commission ("MMCC"). *Id.* at ¶¶9,10. On the advice of the MMCC, Mr. Blair subsequently reported the suspected theft to the Baltimore Police Department ("BPD"). *Id.* at ¶12. After an independent investigation, the BPD decided to "institute criminal charges against three Blair Management employees, including Ms. Jones." *Id.*

After her criminal charges were filed, Plaintiff "engaged in a campaign of . . . revenge motivated activities against Blair Management, Blair Wellness and Mr. Blair" by "publishing

2

numerous untrue allegations, exaggerations and misstatements." *Id.* at ¶13. Among other things, Ms. Jones "falsely accused Mr. Blair of being a 'racist' and a 'career criminal'" and falsely alleged that "white employees did the same thing as [her] [but] were not charged with theft[.]" *Id.* at ¶14. Ms. Jones also provided false and damaging information about Mr. Blair and Blair Wellness to publishers of an online cannabis blog, "Black Cannabis Matters." *Id.* at ¶¶15-16. Finally, Ms. Jones falsely claimed that "Mr. Blair stalked her and approached or pursued her with the intent to place her in reasonable fear of serious bodily injury or death" in order to obtain a "temporary peace order" against him. *Id.* at ¶17.

## PROCEDURAL BACKGROUND

Ms. Jones originally filed this action on October 12, 2021. ECF No. 1. She subsequently filed an Amended Complaint on July 14, 2022, which asserted counts of race discrimination and retaliation in violation of Title VII (Counts I, II), malicious prosecution (Count III), and defamation (Count IV). ECF No. 48. On June 2, 2022, Blair Wellness Center and Mr. Blair filed the instant Counter-Complaint against Plaintiff asserting claims of malicious use of process (Count I), defamation (Count II), and trover and conversion (Count III). ECF No. 38.

On September 1, 2022, this Court dismissed Counts I and II as to Blair Wellness and Mr. Blair after finding that neither party was an "employer" under Title VII but rejected Defendants' arguments as to Blair Management. ECF No. 58 at 12, 13, 18. Thereafter, on June 30, 2023, this Court granted summary judgment in favor of Mr. Blair, Blair Management, and Blair Wellness on all of Ms. Jones's remaining claims. ECF Nos. ECF Nos. 109, 110. As such, the only claims remaining in this action are Mr. Blair and Blair Wellness's state law claims for malicious use of process, defamation, and trover and conversion. ECF No. 38.

Ms. Jones filed the instant Motion for Judgment on the Pleadings on March 17, 2023. ECF No. 103. Mr. Blair and Blair Wellness responded on March 31, 2023. ECF No. 104.

## DISCUSSION

### Standard of Review

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed.R.Civ.P. 12(c). Motions for judgment on the pleadings are subject to the same standards as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citing *Butler v. United States*, 702 F.3d 749, 751-52 (4th Cir. 2012)). Accordingly, a district court "evaluating a motion for judgment on the pleadings must assume that the well-pleaded facts alleged in the complaint are true and must draw all reasonable factual inferences in favor of the non-moving party." *Hamilton Jewelry, LLC v. Twin City Fire Ins. Co., Inc.*, 560 F.Supp.3d 956, 961 (D.Md. 2021). When deciding motions under Rule 12(c), courts may also consider documents "attached as an exhibit to a pleading . . . so long as they are integral to the complaint and authentic." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). "A Rule 12(c) motion should be granted when the pleadings 'fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law.'" *Hamilton Jewelry, LLC*, 560 F.Supp.3d at 961 (quoting *Rock for Life-UMBC v. Hrabowski*, 594 F.Supp.2d 598, 605 (D.Md. 2009)).

### Supplemental Jurisdiction

Before addressing the merits of Ms. Jones's Motion, the Court must establish whether it has jurisdiction over this matter. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobile Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005). Federal Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559

4

U.S. 77, 94 (2010). The district courts "have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States," 28 U.S.C. §1331, as well as "civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000.00, *Exxon Mobile Corp.*, 545 U.S. at 552; 28 U.S.C. §1332.

In addition to original jurisdiction, a federal court may exercise supplemental jurisdiction over State law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). This Court "has discretion to decide whether to exercise supplemental jurisdiction," *Tolliver v. Tandium Corp.*, No. ELH-21-1441, 2022 WL 80587, at *3 (D.Md. Jan. 7, 2022), and the Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished," *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). When deciding whether to exercise this discretion, district courts should "consider and weigh . . . the values of judicial economy, convenance, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353-57 (1988). "The Supreme Court has cautioned against the use of supplemental jurisdiction and suggested that in cases where the federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *MediGrow, LLC v. Natalie M. LaPrade Med. Cannabis Comm'n*, 487 F.Supp.3d 364, 376 (D.Md. 2020) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

The instant case was originally filed in this Court based on federal question jurisdiction, in light of Ms. Jones's Title VII claims.[2] *See* 28 U.S.C. § 1331. However, because the Court granted summary judgment on these claims on June 30, 2023, it does not have original jurisdiction over any of the pending claims in this action. Accordingly, I must determine whether it is appropriate for the Court to exercise supplemental jurisdiction over the state law claims asserted by Mr. Blair and Blair Wellness in their Counter-Complaint. ECF No. 38.

Here, the weight of the factors articulated by the Supreme Court disfavor the exercise of supplemental jurisdiction. All three claims asserted by Counter-Plaintiffs are state law claims, "which the Maryland State courts are obviously well equipped to address." *Tolliver*, 2022 WL 80587, at *4. And, while the parties have extensively litigated the claims asserted by Ms. Jones, the claims asserted in the Counter-Complaint have "not progressed in this Court beyond very preliminary motion practice, without any consideration on the merits." *Id. See also Carnegie-Mellon*, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine . . . will point towards declining to exercise jurisdiction over the remaining state-law claims."). As such, the Court declines to exercise supplemental jurisdiction and the claims asserted by Mr. Blair and Blair Wellness are dismissed without prejudice.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court declines to exercise supplemental jurisdiction over the state law claims asserted by the Counter-Plaintiffs. ECF No. 38. These claims are, therefore, DISMISSED without prejudice and Ms. Jones's Motion for Judgment

---

[2] For clarity, the Court notes that the parties are not completely diverse as Ms. Jones, Mr. Blair, and Blair Wellness are citizens of Maryland. 28 U.S.C. §1332.

on the Pleadings (ECF No. 103) is TERMINATED as moot. A separate Order will follow.

Date: 9 August 2023

A. David Copperthite
United States Magistrate Judge